# LYON v. LYON.

1. Where an equitable petition prayed for injunction as to several distinct matters, and at an interlocutory hearing a judgment was rendered, granting in part, and in part denying the prayers for injunction, and that judgment was brought to this court for review by a bill of exceptions, alleging error in the court's refusal to grant the injunction fully as prayed, and this court, because of errors in admitting evidence, reversed generally the judgment of the trial court and ordered a new hearing, the effect was to adjudicate that a new interlocutory hearing be had upon all questions of injunction involved.

2. Such hearing, however, could not lawfully be had before the remittitur from this court had been filed in the office of the clerk of the court below; and this is so even though the conduct of counsel for the party objecting to such hearing might be fairly treated as a waiver of such filing. Notwithstanding such a waiver, the trial court was without power or jurisdiction to proceed with a new hearing, until in the manner above indicated it became authorized to do so.

3. At a hearing for an interlocutory injunction upon an equitable petition, the allegations of which made a case entitling the plaintiff to injunction, the judge had no authority to dismiss "so much of the petition as seeks injunction or restraint against the defendant." Even if, in his judgment, there should be no interlocutory injunction, it was still the right of the plaintiff to have a hearing before a jury with a view to determining whether or not a permanent injunction should be granted.

Argued February 18, — Decided March 24, 1898.

Equitable petition.　Before Judge Fite.　Bartow county. October 22, 1897.

*John W. Akin* and *Albert S. Johnson,* for plaintiff.
*J. W. Harris,* for defendant.

LITTLE, J.　To the July term, 1897, of Bartow superior court, Mrs. Lula T. Lyon filed a petition for divorce and injunction against Thomas J. Lyon.　The prayers of the petition were: (1) That the petition be filed and sanctioned, and that process issue directed to said Thomas J. Lyon, commanding him to be

and appear at the next term of the court to answer petitioner's complaint, etc. (2) That a divorce a vinculo matrimonii be adjudged and decreed in petitioner's favor against the defendant. (3) That the defendant be enjoined and restrained from remaining or coming upon the property of petitioner where she lives, or into her home, and from eating and sleeping there, and from attempting any control or authority over the tenants upon the place or the proceeds thereof, or the income, rents, issues and profits of the place, and from taking, using, possessing, or interfering with her personal property, and from exercising any control or direction over the two minor children of petitioner and said Thomas J. Lyon, or interfering with petitioner's custody of them. (4) That the custody of the minor children be adjudged to petitioner and refused to defendant. (5) That petitioner have such other and further relief as the law and facts entitle her to claim. Upon this petition a rule nisi was issued, and the judge granted an interlocutory injunction against the defendant, enjoining him from interfering in any way with the laborers or tenants of the petitioner until the further order of the court; and further ordered that "all the other prayers for injunction or restraint be denied and refused." To this refusal of further injunction the plaintiff sued out a bill of exceptions to the Supreme Court. On August 4, 1897, this court rendered the following judgment upon the writ of error thus brought up: "This case came before this court upon a writ of error from the superior court of Bartow county; and, after argument had, it is considered and adjudged that the judgment of the court below be reversed, because the court erred in admitting illegal evidence." The remittitur evidencing this judgment of the Supreme Court had, at the time the action below indicated was taken, never been made the judgment of Bartow superior court, nor entered upon its minutes, nor filed in the office of the clerk of that court; nor had Bartow superior court taken any action upon the remittitur. However, on September 7, 1897, the judge of that court stated to plaintiff's counsel, in the presence of defendant's counsel, that the latter had notified him that the defendant wanted a hearing in this case; to which plaintiff's counsel then and there objected, stat-

ing that plaintiff did not ask for any further temporary restraining order nor for any further hearing, and that plaintiff was not moving in the matter.

The judge then stated that he would take the matter up on Saturday, September 18, 1897. On that day the judge, while in the city court of Bartow county, which was in session, made a further announcement, in the presence and hearing of counsel for both sides, that the hearing in the Lyon case would be taken up on October 2, 1897. On this latter date counsel for both sides were present, and the plaintiff objected to proceeding with any hearing or to any action in the premises, because the plaintiff did not ask or seek any additional restraining order and did not desire any hearing as to whether an additional restraining order should be granted, and because since the rule nisi was issued, on which the first hearing was had, no other rule nisi had been issued or applied for by either party, nor had either party made any written motion or written request for any further hearing. The plaintiff's counsel contended that, under the conditions set forth, the judge could not act further in the premises. Defendant's counsel, when the case came on to be heard on October 2, 1897, asked the clerk for the remittitur from the Supreme Court, to make it the judgment of the superior court. The clerk stated that plaintiff's counsel had the remittitur. Plaintiff's counsel then admitted that he had it at his office, and said he would produce it. It was conceded that the remittitur showed that the Supreme Court had reversed the judgment of the superior court. Plaintiff's counsel did not object to the hearing of the case because the judgment of the Supreme Court had not been made the judgment of the superior court, or because the remittitur had not been filed with the clerk. His objections were on other grounds and did not suggest this ground. Nothing further was said about the remittitur. No evidence was introduced or offered; but upon the defendant's motion, the following order was, on said October 2, 1897, passed in said case: "This case having come on for a hearing on March 27th, 1897, and the court having passed an order as appears of record on that date, and said judgment of the court having been reversed by the Supreme Court, and

a new hearing ordered; and this case having been set for a hearing on this date, and plaintiff's counsel having been notified of the time and place of hearing on the 18th day of September, and plaintiff's counsel refusing to prosecute the case for injunction and restraint, it is therefore ordered by the court that so much of the petition as seeks injunction or restraint against the defendant be and the same is hereby dismissed." To the granting of this order and judgment plaintiff excepts on the grounds that the court erred: (1) In granting said order and dismissing the plaintiff's prayers for injunction. (2) In taking any action in the premises whatever.

1. It will be noted that the equitable petition filed by Mrs. Lyon prayed for injunction against Thomas J. Lyon as to several distinct matters; whereas upon the interlocutory hearing the judge rendered a judgment granting in part, and in part denying, the prayers for injunction. To that judgment a bill of exceptions was sued out to this court, alleging error in the court's refusal to grant the injunction fully as to all matters covered by the prayer for injunction. This court reversed generally the judgment of the trial court, because of errors in admitting evidence; and ordered a new hearing. 102 *Ga.* 453. The judgment was reversed as an entirety, and not in part, and the effect of such reversal was to adjudicate that a new interlocutory hearing be had upon all questions of injunction involved. It has been held that the effect of the grant of a new trial by the Supreme Court "is to require the case to be heard de novo, unless some specific direction be given in regard thereto; and on the subsequent trial new facts may be shown, making a different case," etc. *Anderson* v. *Clark*, 70 *Ga.* 362; *Woods* v. *Jones*, 56 *Ga.* 520.

2. Section 5597 of the Civil Code declares (with reference to judgments of the Supreme Court) that: "The decision of the court, and any direction awarded in the case, shall be certified by the clerk to the court below, under the seal of the Supreme Court, and shall be respected, and in good faith carried into full effect, by the superior court. Section 5599 provides, however, that in cases of injunction, etc., "the judges of the superior court are clothed with the power to give imme-

diate effect to" the judgments of this court, "either in term or vacation." Under these sections the judge of the superior court of Bartow county certainly had no power whatever to proceed with a new interlocutory hearing of the cause before the remittitur from this court, reversing the judgment rendered on the former interlocutory hearing, had been filed with the clerk below; and good practice would also require that this re-mittitur should also have been entered upon the minutes and made the judgment of the lower court, if practicable. Being without power to proceed with a new hearing until the remit-titur had at least been filed in the superior court, the mere fact that the judge had knowledge that another trial had been ordered, and that the plaintiff's counsel had in his possession the remittitur, could not serve to clothe the court with such power. Though the conduct of plaintiff's counsel might be fairly treated as a waiver of what the law required, such a waiver could lend no force or effect to the proceedings of the trial court, as the want of power in the court in this respect is a matter which can not be waived. Such a proceeding is coram non judice. *Jones* v. *State*, 67 *Ga.* 240; *Hubbard* v. *Mc-Crea*, ante, 680. In the former case the judgment of this court had granted a new trial to the defendant below; the remittitur as required by law had been forwarded and lodged with the clerk, but had been misplaced and was not to be found, but the decision of this court in full had been certified and was then in the office. Defendant objected to entering upon the new trial, because the remittitur had been misplaced. The court thereupon required the full text of the decision to be spread on the minutes of the court, and ordered the new trial to proceed. Two judges held that this proceeding was un-usual but not illegal, and that the decision of the court when so certified and sent down is as binding as when stated by the clerk in the remittitur. The Chief Justice (Jackson) con-curred, because the defendant had what he wanted—a new trial; but said he could not recognize the practice of entering the opinion of a judge of this court upon the minutes of the court below as the judgment of this court. The remittitur contains the judgment, and if lost, a second will be issued by

the clerk of this court, on application. If it be said that where a new trial has been ordered by this court, or a new hearing granted, if by any means the judge of the court below ascertains what was the action had here and really complies with it, such action is sufficient, it may be replied that this court and the superior courts are courts of, record ; that they speak only by their records, and with a view to protect the rights of property and conserve the personal liberty of the citizen, who, as plaintiff or defendant, is affected by the decisions of either. Such can only be fully protected by the records. If such record shows a judgment against one, it imports absolute verity, and no parol evidence can be heard to set aside or stay it, but the only remedy is to correct the record that it may speak the truth. Judges may come and judges may go, but their official action for all time is witnessed by the records, and by these records the rights of others than actual suitors are often fixed. Of so important a character is the verity of these records, that this court can not assent to any line of practice which will tend to dispense with the orderly and successive entries of the action of the court affecting the rights of suitors so as to consistently fix those rights as determined. When the records of a court show a judgment for or against a party, it is not meaningless ; it has force and vitality until some other official entry deprives it of such force. To definitely and permanently show a right to enter upon a new trial, where the records show a final judgment in the trial court, on which error has been assigned here, a duly certified judgment of this court setting aside that judgment, where such has been done, must appear by the records of the trial court, and until this has been substantially, if not literally, done, the trial court has no jurisdiction to enter upon such new trial.

3. Even if it had been within the power of the judge to order a new interlocutory hearing, he would at such hearing have had no authority, either because of the failure of the plaintiff's counsel to further prosecute the cause in order to obtain a temporary injunction, or because in his judgment the plaintiff was not entitled to such interlocutory injunction, to dismiss "so much of the petition as seeks injunction or restraint against

the defendant." Upon such interlocutory hearing, it is the province of the court to grant or refuse temporary relief, as the law and facts require, but he has no authority to expunge from the bill, by way of dismissal, prayers for relief upon which the plaintiff is entitled to be heard at the time of final decree. By section 4849 of the Civil Code, with reference to trials in equity, it is provided: "When any question of fact is involved, the same shall be tried by a jury. If there is no such question, or the auditor's report, unexcepted to, covers all such questions, the judge may render a decree without the verdict of a jury. And in the trial of any proceedings for equitable relief in this State, upon the request of either party to said cause, made after the same is called for trial, and before the beginning of the introduction of evidence in the same, the presiding judge shall, when charging the jury, instruct and require them to find a special verdict of the facts only in said cause, and shall inform the jury what issues of fact are made by the pleadings in said cause. Upon the special verdict of facts so rendered, the presiding judge shall make a written judgment and decree in said cause under the law applicable to the same." The allegations of the plaintiff's petition, if true, made a case entitling her to injunction, and whether an interlocutory injunction should or should not be granted by the judge upon a preliminary hearing, the plaintiff still had the right to have a hearing before a jury with a view of determining whether or not a permanent injunction should be granted.

*Judgment reversed. All concurring, except Cobb, J., absent.*