27528.  WILLIAMS et al. v. OVERSTREET et al.

GUNTER, Justice.  Mr. and Mrs. Williams, residents of
DeKalb County, Georgia, were owners of a dwelling
house in Chatham County, Georgia, that was damaged
by fire. Metropolitan Life Insurance Company was the
holder of a first lien security deed on the damaged
property.  Travelers Insurance Company was the
fire-loss carrier, and its insurance contract provided
that loss under its coverage was payable to the owners
and Metropolitan, the first lienholder.

The damage to the property occurred on March 1, 1970.
J. W. Overstreet, the plaintiff below, contended that he
entered into a contract with E. F. Thornton, the agent
of the owners of the property, to repair the damages to
the property, and that this contract was made with the
knowledge and approval of Travelers, the fire-loss
carrier.  Overstreet further contended that he
completed the repair work in accordance with the
contract, claimed payment of the contract price in the
amount of $6,500, but that the owners refused to sign
a proof of loss for Travelers, thereby depriving
Overstreet of the policy proceeds for the fire loss held
by Travelers.

Overstreet brought an action in equity in Chatham
Superior Court in January of 1971 against the owners,
Travelers, Travelers' agent and adjuster, Thornton,
and the agent for Metropolitan. Travelers' responsive
pleadings showed that it had received a properly
executed proof of loss and release from the property
owners for the payment of $6,650 as the amount of the
loss; but that it was holding this amount because it was
uncertain as to the proper party or parties to whom the
loss proceeds should be paid; Travelers further alleged
that it was a mere stakeholder with respect to the
policy proceeds, and it asked the court to grant an

order directing to whom such proceeds should be paid.

After responsive pleadings were filed, the trial judge conducted a hearing in the matter on March 5, 1971, and pursuant thereto on March 18, 1971, he entered an order which contained in its essential parts the following: Travelers' response was in the nature of interpleader; Travelers was ordered to pay the loss proceeds into the registry of the court; the owners and Metropolitan were claimants to the policy proceeds; Overstreet was asserting an equitable lien against the policy proceeds; and the parties were ordered to show cause before the court on a fixed date as to whom the policy proceeds should be paid.

Following the entry of the March 18 order, the trial court conducted another hearing at which all parties were represented by counsel, evidence was introduced, and following this hearing the trial judge entered a final judgment containing findings of fact, and he ordered that $6,500 of the insurance proceeds in the registry of the court be paid to J. W. Overstreet.

The property owners have appealed, contending that the final judgment entered by the trial court was erroneous. Although eight errors are enumerated in this Court, in actuality the eight boil down to only three.

I.

Appellants assert that the trial court erred in ordering Travelers to pay the policy proceeds into the registry of the court. This contention is without merit. Under the facts of this case, the order of the trial court was proper under Code Ann. § 37-1503 and § 81A-122, both of which provide for interpleader.

II.

Appellants assert that there was no jurisdiction in the Superior Court of Chatham County in this action against the appellants-property owners, because they were residents of DeKalb County, Georgia. This

contention is also without merit.

The original action was brought against numerous defendants, one of the defendants being Travelers, the holder of funds against which an equitable lien was asserted by the plaintiff. It is clear that Travelers was subject to the jurisdiction of the court. Travelers responded that it was a mere stakeholder, was ordered to pay the funds into the registry of the court, and the court thereby acquired jurisdiction over the res, the funds claimed by the appellants, Metropolitan, and Overstreet.

Our Constitution (Code Ann. § 2-4903) provides that equity cases shall be tried in a county where the defendant resides against whom substantial relief is prayed. In the case of *Bank of Tifton v. Saussy & Huxford,* 127 Ga. 457 (56 SE 513), this Court said: "A petition for interpleader is an equitable proceeding. Substantial relief is prayed, so far as the stakeholders are concerned, against each of the persons claiming the fund; and therefore where the claimants reside in different counties, the petition may be properly filed in the county of the residence of either." While *Bank of Tifton* was a classical original case of interpleader, the principle enunciated there is applicable here where the original action was brought in a jurisdiction where the stakeholder was subject to suit, the stakeholder's response was in the nature of interpleader, and one of the claimants to the stakeholder's funds was subject to the court's jurisdiction though other claimants resided in different counties. The trial court did not commit error in overruling the appellants' motion to dismiss for lack of jurisdiction.

III.

The other assertion of the appellants here is that the trial judge could not enter final judgment in this case because the appellants were entitled to a trial by jury, and they had not either expressly or impliedly waived

that constitutional right.

In support of this contention the appellants invoked Code Ann. § 81A-138 which says the right of trial by jury as declared by the Constitution of the State or as given by a statute of the state shall be preserved to the parties inviolate. They further assert that the Georgia Constitution (Code Ann. § 2-5101) requires a jury trial in a case such as this.

This case is a case in equity, begun as an action to enforce an equitable lien on funds held by a defendant and concluded as an interpleader action after the funds were paid into the registry of the court by the stakeholder. Appellants concede that this is an equitable action by expressly invoking the appellate jurisdiction of this court as an equity case rather than the appellate jurisdiction of the Court of Appeals.

Is there a constitutional right to trial by jury in an action relegated to the "equity area" of the court in our judicial system? We hold that there is not such a constitutional right, and such a right, if it exists, must be conferred by the enactment of a statute by our General Assembly.

In the case of *Lamar v. Allen,* 108 Ga. 158 (33 SE 958) (1899), this court established that there is no constitutional right to a trial by jury in an equity case.

In the case of *Hearn v. Laird,* 103 Ga. 271, 276 (29 SE 973) (1897), this court held: "It is a well-established principle in this State that in a case at common law, where a party excepts to an auditor's report on the ground that his finding is contrary to the evidence, he has the constitutional right to have all questions of fact passed upon by a jury, and a legislative denial of that right is unconstitutional. It is equally well established that in equity causes the right of a trial by jury is not constitutional, but statutory; and a legislative restriction thereof, in cases of auditor's reports would be constitutional. [Cits.]"

In the case of *Mahan v. Cavender,* 77 Ga. 118 (1886), this court held: "The interposition of juries in the trial of chancery cases is purely a matter of legislative regulation, and originated in this State in the Judiciary Act of 1799. It is not a constitutional right or one guaranteed by Magna Charta."

It is thus clear that the Georgia Constitution does not require trial by jury in equity cases. If there is a right to trial by jury in a case such as the one at bar, then there must be a statute providing for jury trial in such cases in this state. No such statute has been brought to our attention, and our own research reveals no such statute.

The appellants in this case have not been denied their constitutional right to a jury trial, because there is no such right in a case such as this. "The provision in the Constitution of Georgia, that 'trial by jury, as heretofore used, shall remain inviolate' means, that it shall not be taken away in cases where it existed when that instrument was adopted in 1798; and not that there must be a jury in all cases." *Flint River Steamboat Co. v. Foster,* 5 Ga. 195 (7) (48 AD 248) (1848).

It was proper for the trial judge to enter final judgment in this case.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 10, 1972—DECIDED FEBRUARY 8, 1973.

*Moore & Morris, Charles E. Moore,* for appellants.

*Kennedy & Sognier, John G. Kennedy, Bouhan, Williams & Levy, James M. Thomas, Falligant, Doremus & Karsman, Ogden Doremus, Connerat, Dunn, Hunter, Houlihan, Maclean & Exley, William M. Exley, Jr.,* for appellees.