### 30127. FIELDS et al. v. DAVIES et al.

NICHOLS, Chief Justice.

On May 22, 1973, the plaintiffs (appellants) entered into an agreement in writing to purchase property described as "known as 2003 Pinetree Trail, Gainesville, Georgia." When the transaction was closed, plaintiffs received from the defendants a deed describing by metes and bounds property shown on the plat to be Lot 2 of the Sunset Heights subdivision in the City of Gainesville. After the plaintiffs went into possession, and at a time some months later, the defendant sellers began the construction of a house on the lot adjoining the one conveyed to the plaintiffs. Thereafter, the present action was filed in which the plaintiffs sought to compel specific performance of the contract as contended for by them (which would have included one-half of Lot 1 adjoining Lot 2 in Sunset Heights subdivision); damages; and, if the specific performance be not granted, additional damages; and a temporary and permanent restraining order enjoining defendants from building on that portion of Lot 1 which was shown on the plat attached as an exhibit to the complaint.

Upon application of the defendants, the hearing on the application for interlocutory injunction and the trial on the merits were consolidated pursuant to Section 65 (a) (2) of the Civil Practice Act (Code Ann. § 81A-165 (a) (2)).

The trial court heard the case without the intervention of the jury and found against the plaintiffs

on all issues and it is from this judgment that they appeal. The trial court found that the contract of sale merged in the warranty deed from the defendants to the plaintiffs, that there was no evidence that anyone made any misrepresentation to the plaintiffs or practiced any fraud or that there was any mutual mistake either in the preparation, delivery, or acceptance by the plaintiff of the deed sought to be reformed. The appeal is from this judgment.

1. The first contention of the plaintiffs to be dealt with is whether the trial court erred in hearing the case without the intervention of a jury.

In *Williams v. Overstreet,* 230 Ga. 112 (195 SE2d 906), the arguments made by the plaintiffs in this case as to the right to trial by jury in equity cases were extensively dealt with. It was there held that it was not error for the trial judge to enter a final judgment in a case in equity without the intervention of a jury since no constitutional right to a jury trial in equity exists in Georgia. Accordingly, the enumerations of error which complain that the trial court erred in refusing to allow appellants to have the issues and facts of the case presented to a jury, erred in entering a final judgment, erred in interpreting a phrase in the contract and erred in determining the issue of mistake of fact and reformation of the deed are without merit.

2. The remaining enumerations of error relate to the findings of fact and conclusions of law made by the trial court. The findings of fact as to each of such issues were authorized by the evidence, and the conclusions of law found by the trial court show no error. The trial court in a 10-page typewritten opinion meticulously dealt with each issue in the case, cited authority for each proposition of law dealt with and did not err in holding that after the execution of the deed by the grantor and its acceptance by the grantee, the grantee cannot in the absence of actual fraud recover for any misrepresentations relating to the title not covered by the covenants of the deed, as the deed is considered to be a complete relinquishment of all conflicting claims in the preceding contract of sale. See *Augusta Land Co. v. Augusta R. &c. Co.,* 140 Ga. 519, 522 (79 SE 138). The judgment denying the plaintiffs' prayers

for specific performance, reformation, and restraining orders was not error for any reason enumerated.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 8, 1975 — DECIDED SEPTEMBER 11, 1975.

*Smith & Allgood, Alfred L. Allgood,* for appellants.
*Smith, Smith & Frost, R. Wilson Smith, Jr.,* for appellees.