## 30649. RASMUSSEN v. MARTIN et al.

INGRAM, Justice.

This appeal, from the Superior Court of Hall County, seeks reversal of the trial court's judgment in favor of the appellees notwithstanding a jury verdict for the appellant. This is an equitable action for reformation of a deed based on an alleged mutual mistake of the parties as to the description in a warranty deed and the quantity of land intended to be conveyed by it. The trial court also granted a new trial to appellees as alternative relief from the jury's verdict adverse to them. See Code Ann. § 81A-150 (c).

Appellant argues the trial court erred in granting the judgment n.o.v. because, in doing so, it erroneously applied the "doctrine of merger" in this case and even if this doctrine were properly applied, there was still sufficient evidence to authorize the jury to find the alleged mutual mistake in the deed description. Appellees support the rulings of the trial court in its entirety and further reply that appellant "utterly failed to carry the necessary burden of proof to show a mutual mistake of fact."

The main issue in the case is the variance between the description of the property conveyed by deed from appellant to the appellees and the description used in the antecedent contract for the sale of the property. The deed conveys two adjoining lots, with different street addresses in a subdivision, whereas the metes and bounds description in the antecedent contract covered only one of the lots. To further complicate the problem, the contract was between appellant, as the seller, and appellee, Elnora Martin, as the purchaser, whereas the subsequent deed was from appellant as the grantor to appellee, Elnora Martin, life tenant, and E. F. Martin, her son, as remainderman.

Without a doubt, the evidence of the alleged mutual mistake of the parties as to whether they intended to buy and sell one lot or both lots is in sharp dispute. There is no way to reconcile the testimony of the appellant, Edward L. Rasmussen and Carl Lawson, one of the real estate brokers who handled the sale, with the testimony of

appellees Elnora Martin and E. F. Martin. One or more of these witnesses is mistaken in recalling the transaction.

The appellees denied knowing the terms of the contract and testified the deed correctly reflects the agreement of the parties. Appellant and Mr. Lawson disputed this and stated that all parties understood only one lot was to be sold and the deed conveys more than any of them intended in the sale. In addition, Mr. Lawson testified that not only was appellee, E. F. Martin, present when Mr. Lawson prepared the contract of sale for one lot only, but that Mr. Martin told him what to put in the contract and directed him to have Mrs. Elnora Martin sign it, which she did.

This sampling from the evidence at trial illustrates that a bona fide jury issue existed in the trial of the case as to which lot, or lots, the parties to the deed originally intended to buy and sell and whether appellee, E. F. Martin was or was not involved in the alleged mutual mistake in addition to his mother, Mrs. Elnora Martin. Consequently, unless the antecedent contract and prior oral negotiations between the parties merged into the deed as a matter of law, as argued by the appellees, the evidence authorizes, but does not demand, a jury verdict for either side.

Appellees rely heavily on two cases, *Fields v. Davies,* 235 Ga. 87 (218 SE2d 828) (1975), and *Augusta Land Co. v. Augusta R. &c. Co.,* 140 Ga. 519 (79 SE 138) (1913), cited in the *Fields* case. The *Fields* case, also from Hall Superior Court, was a case seeking specific performance of a contract for realty containing only a street address description which plaintiffs contended should be read to include one-half of a subdivision lot in addition to a full lot adjoining it. Plaintiffs also sought reformation of the subsequent deed which conveyed only the full lot and did not include the adjoining one-half lot. The trial judge heard the case without a jury and "found that the contract of sale merged in the warranty deed from the defendants to the plaintiffs, that *there was no evidence* that anyone made any misrepresentation to the plaintiffs or practiced any fraud or *that there was any mutual mistake either in the preparation, delivery or acceptance by the plaintiff of the deed sought to be reformed."* (Emphasis supplied.)

*Fields,* supra, p. 88. This court approved the trial court's findings of fact and conclusions of law and affirmed the judgment denying relief to the plaintiffs.

We believe the *Fields* case was correctly decided but is not controlling here. The essential difference in that case and the present case is the evidence in the two cases. In *Fields* there was no evidence of mutual mistake and therefore the doctrine of merger applied to that contract and deed. In addition, the contract description involved in *Fields* was a street address description which, under plaintiff's contention, covered both a full lot and the adjoining one-half lot, whereas, under defendants' contention, the street address description in the contract covered only the one full lot. Thus defendants contended there was no variance between the description in the contract and the description in the deed. In short, there was no mistake and plaintiffs failed to prove their case.

In the present case, we are faced with a clear variance in the description used in the contract and the description used in the deed and the evidence is undisputed that the two lots described in the deed have different street addresses.

The doctrine of merger is applicable where there is no evidence of mutual mistake (or actionable fraud) but it should not be used to bar consideration of probative evidence offered to show an alleged mutual mistake in this reformation case. See Code Ann. § 37-215. Also, see *Sheldon v. Hargrose,* 213 Ga. 672 (100 SE2d 898) (1957); *Lawton v. Byck,* 217 Ga. 676, 681 (124 SE2d 369) (1962); and *Long v. Walls,* 226 Ga. 737 (177 SE2d 373) (1970).

The *Augusta* case, supra, cited in *Fields* and relied on by the appellees, is a good illustration of the proper application of the doctrine of merger. However, it is not helpful to the appellees here because that case did not involve an equitable suit for reformation based on an alleged mutual mistake of the parties as in the present case.

We conclude that the trial court erred in granting the appellees' motion for judgment in their favor notwithstanding the verdict in favor of appellant. The applicable law and evidence in this case do not demand a verdict and judgment in favor of the appellees. A different

question is presented by the trial court's grant of a new trial as alternative relief to the appellees. See Code Ann. § 81A-150 (c). Appellant tacitly admits the difficulty involved in attempting to overturn the grant of a new trial by the absence in their brief of any argument or authority on this issue. Our review of the evidence persuades us that a jury verdict for the appellees would be authorized in this case. As the law and facts do not demand a verdict for appellant and a new trial on general grounds has been ordered in the trial court on the alternative motion of the appellees, and this is the first grant of a new trial, it will not be disturbed on appeal. See Code Ann. § 6-1608, and annotations. See also *Long v. Walls,* supra.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

ARGUED JANUARY 14, 1976 — DECIDED FEBRUARY 11, 1976.

*Whelchel, Dunlap & Gignilliat, William R. Gignilliat, Jr., William L. Rogers, Jr.,* for appellant.

*Oliver & Walters, James M. Walters, Perry S. Oliver,* for appellees.