## 32872. SELBY et al. v. GILMER et al.

JORDAN, Justice.

This appeal is from a judgment modifying a condominium declaration and master plot plan.

Tres III Construction, Inc., by declaration dated May 29, 1974, submitted approximately 13.7 acres of land to the condominium form of ownership pursuant to the provisions of the Apartment Ownership Act (Ga. L. 1963, p. 561 et seq., as amended by Ga. L. 1971, p. 465 et seq., and Ga. L. 1972, p. 814; Code Ann. § 85-1602b et seq.). The declaration provided for the construction of 95 residences, with all the property except that on which residences were to be constructed to be common area. At the time the declaration was executed a portion of the land was subject to a prior deed to secure debt, later assigned to Gertrude Liberson. Tri-South Mortgage Investors provided construction financing to Tres III, and took a security deed on the portion of the property which was not subject to the Liberson security deed. Tres III commenced construction on 23 condominium units on the portion of the property subject to Tri-South's security deed, and sold six of the units. Prior to completing the remaining 17 units under construction, Tres III defaulted on its obligations and discontinued work on the units. In September, 1975, Tri-South foreclosed upon its security deed and became the purchaser at the foreclosure sale. In October, 1975, Mrs. Liberson foreclosed upon her security deed and became the purchaser at the foreclosure sale.

Ben S. Gilmer et al., as trustees of Tri-South, filed an equitable complaint against the owners of the six condominiums which were sold prior to the foreclosure sales. They sought to modify the declaration and master plot plan by making Tri-South the declarant; revising the

description of the property to eliminate the portion covered by the security deed foreclosed by Mrs. Liberson; decreasing the number of residences to be constructed on the property owned by Tri-South (in which the six owners have rights in the common area); providing for increases in the percentages of undivided ownership of the common area; and further revising and amending the declaration and master plot plan as may be just and proper.

It was alleged that under the provisions of the Apartment Ownership Act the percentage of the undivided interest of each owner in the common areas and facilities as expressed in the declaration may not be altered without the consent of all the owners, expressed in an amended declaration duly recorded, and the defendants have refused to consent to an amendment of the declaration and master plot plan.

The trial judge, after hearing evidence without the intervention of a jury, over objections by the defendants, made findings of fact and conclusions of law and entered an order modifying the declaration and master plot plan. Donald E. and Betty Jean Selby, the owners of one of the condominium units, appeal from this judgment.

1. The first error enumerated is the denial of a trial by a jury. This court has previously held that there is no right of trial by jury in an equity case. *Williams v. Overstreet,* 230 Ga. 112, 114 (195 SE2d 906) (1973); *Phillips v. Gladney,* 234 Ga. 399, 403 (216 SE2d 297) (1975); *Fields v. Davies,* 235 Ga. 87, 88 (1) (218 SE2d 828) (1975); *Moody v. Mendenhall,* 238 Ga. 689, 692 (234 SE2d 905) (1977).

2. There is no merit in the contention in enumerated error 2 that the judgment violates the State and Federal Constitutions in that it impairs the obligations of a contract. The constitutional provisions cited prohibit the passage of *laws* impairing the obligations of contracts. Georgia Constitution of 1976, Art. I, Sec. I, Par. VII (Code Ann. § 2-107); United States Constitution, Art. I, Sec. 10, Clause 1 (Code § 1-134). These constitutional provisions do not forbid the equitable modification of a contract.

3. Enumerated error 3 asserts that the judge erred in denying the motion to dismiss the complaint for lack of equity. Enumerated error 5 asserts that the judge's

finding that there was no adequate remedy at law was error in that the complaint did not allege an inadequate remedy at law. Enumerated error 7 asserts that the court erred in finding that it had authority to modify and reform the declaration and plan.

There is no merit in these assertions. The foreclosure by Mrs. Liberson of a portion of the property submitted to condominium use made the original declaration and master plot plan obsolete. A portion of the land is now owned by Mrs. Liberson, who is not subject to the declaration, and the appellants no longer own any common interest in her portion of the property. The appellants would not agree to a modification of the declaration and plan. They have suggested no legal remedy available to the appellees in the dilemma. The law favors the marketability of property. Without a modification of the declaration and master plot plan, neither Tri-South nor the owners of the condominiums would have marketable title to their property. Even though the equitable statutes for reforming contracts are not precisely applicable to the situation, a court of equity must provide a remedy, and this has been done by the trial judge's decree revising the declaration and plan.

4. It is contended in enumerated error 4 that the court erred in denying the appellants' request to require inclusion of Mrs. Liberson and Tres III as parties.

Mrs. Liberson and Tres III were not necessary parties in the action. They have no property interest in the land subject to the amended declaration and plan. Mrs. Liberson never had any interest in this portion of the property, and Tres III lost its interest by foreclosure sale.

5. It is contended in enumerated error 6 that the judge's finding of fact to quiet title was improper as this was not an action to quiet title under Ga. L. 1966, p. 443 (Code Ann. §§ 37-1411 and 37-1412).

The in rem proceeding to quiet title provided by Code Ann. § 37-1411 et seq. is not the exclusive method of quieting title. See Code Ann. § 37-1423.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 13, 1977 — DECIDED NOVEMBER 28, 1977.

Wilson & Pavuk, G. Wallace Colson, James O. Wilson, Jr., for appellants.
Hansell, Post, Brandon & Dorsey, Gary W. Hatch, J. Clifton Barlow, Jr., for appellees.