## 32949. CITY COUNCIL OF AUGUSTA v. CARPENTER et al.

NICHOLS, Chief Justice.

The appellees are owners of certain property in the City of Augusta upon which a grocery store was operated from 1947 until 1975. In 1952 when the zoning ordinance was adopted, the property became a nonconforming use. Under the nonconforming use, appellees were prohibited from improving the building and found they could no longer compete with the supermarkets in the area. The appellees had sought several times to have the property rezoned from R-3A (multi-family residential) to R-3B (neighborhood business) but were unsuccessful.

In the present application for rezoning, appellees sought a P-1 (professional) zoning for use as a small

animal hospital. The planning and zoning commission recommended the zoning change after hearing evidence that the property was not suitable for either single-family or multi-family residential use, that P-1 zoning would be less offensive to the surrounding residential neighborhood than commercial zoning and that the adjoining property was already zoned P-1.

The city council refused to follow the planning and zoning commission's recommendation and denied the application.

The appellees then brought this action, alleging the denial of their zoning application as being the result of public pressure in the arena of conflict and as being arbitrary, unreasonable and in violation of due process.

The case was submitted on stipulations of counsel from which the trial court found that the refusal of the city council to rezone the property was arbitrary, unreasonable, confiscatory and void. The trial court then ordered the city council to reconsider the recommendation of the planning and zoning commission for rezoning the property or authorize some rezoning consistent with the owners' constitutional rights. Its order also provided that if such rezoning is not accomplished within a reasonable time, the court reserves jurisdiction to declare the subject property free from all zoning restrictions.

1. The first three enumerations of error contend the trial court erroneously stated certain findings of fact. We have reviewed the record in this appeal and find each of the findings of fact complained of to be authorized by the evidence. Accordingly, ". . . where the facts found by the trial court were authorized by the evidence such findings will not be set aside." *Brook Forest Enterprises v. Paulding County,* 231 Ga. 695 (1) (203 SE2d 860) (1974).

2. The fourth enumeration of error contends the trial court erred in rendering judgment for appellees and in not submitting factual issues to a jury.

In *Williams v. Overstreet,* 230 Ga. 112, 115 (195 SE2d 906) (1973), this court held: "Appellants concede that this is an equitable action by expressly invoking the appellate jurisdiction of this court as an equity case rather than the appellate jurisdiction of the Court of Appeals.

"'Is there a constitutional right to trial by jury in an

action related to the 'equity area' of the court in our judicial system? We hold that there is not such a constitutional right, and such a right, if it exists, must be conferred by the enactment of a statute by our General Assembly."

In addition to equity, this suit also involves constitutional issues which are for the court to decide and not a jury. There is no merit in this enumeration of error.

3. The fifth enumeration of error contends that the appellees have not carried the burden by clear and convincing evidence sufficient to overcome the presumption attached to municipal legislative enactments. The trial judge as the trier of fact found sufficient facts to support its judgment which are supported by the record in this case. There is no merit in this enumeration of error.

4. The sixth enumeration of error contends the trial court erred in overruling objections to portions of three of the affidavits submitted on behalf of the appellees. All of the portions of the affidavits complained of were either contained in the minutes of the meetings of the planning and zoning commission or the city council, which had been stipulated into evidence. At most, the overruling of the objection would be harmless error, and there is no merit in this enumeration of error. Code Ann. § 81A-161 (Ga. L. 1966, pp. 609, 664).

*Judgment affirmed. All the Justices concur.*

Argued November 16, 1977 — Decided January 3, 1978.

*Stephen E. Shepard, Samuel F. Maguire,* for appellant.

*James E. Slaton, Henry J. Heffernan,* for appellees.