33609. GUHL et al. v. DAVIS et al.

UNDERCOFLER, Presiding Justice.

On June 25, 1976, the property owners filed a petition for declaratory relief and a writ of mandamus against the commissioners of DeKalb County and DeKalb County's planning director contending that the commissioners' refusal to rezone a certain tract of property from a residential to a commercial classification constituted an unconstitutional deprivation of their property by the county without adequate compensation. The commissioners' answer denied the material allegations of the property owners' petition and requested that the matter be heard before a jury.

On February 15, 1978, the trial court denied the commissioners' oral motion for a jury trial and certified the denial for immediate review. This court granted the subsequent application for interlocutory appeal to review the question of whether a party is entitled to a jury trial in a case where the issue involved is whether a local governmental zoning decision as to a particular piece of

property is unconstitutional as depriving the landowner of his property without due process of law under the guidelines set out in *Barrett v. Hamby,* 235 Ga. 262 (219 SE2d 399) (1975).

The duty to determine the constitutionality of a legislative enactment is vested in the judges, not the jury. Marbury v. Madison, 5 U. S. (1 Cranch) 137 (2 LE 60) (1803). It is well quoted from Professor Lieber in Ellingham v. Dye, 178 Ind. 336, 387 (99 NE 1, 19) (4) (error dismissed 231 U. S. 250 (34 SC 92, 58 LE 206) (1912)): "The supremacy of the law requires that, where enacted Constitutions form the fundamental law, there be some authority which can pronounce whether the Legislature itself has or has not transgressed it in the passing of some law, or whether a specific law conflicts with the superior law, the Constitution. If a separate body of men were established to pronounce upon the constitutionality of a law, nothing would be gained. It would be as much the creature of the Constitution as the Legislature, and might err as much as the latter. Quis custodiet custodes? Tribunes or ephori? They are as apt to transgress their powers as other mortals. But there exists a body of men in all well organized politics, who, in the regular course of business assigned to them, must decide upon clashing interests, and do so exclusively by the force of reason, according to law, without the power of armies, the weight of patronage, or imposing pomp, and who, moreover, do not decide upon principles in the abstract, but upon practical cases which involve them—the middlemen between the pure philosophers and the pure men of government. These are the judges —courts of law."

The question here is in the constitutionality of the zoning ordinance—a legislative enactment. *Guhl v. M. E. M. Corp.,* 242 Ga. 354 (1978). Admittedly, it involves a balancing test. It is stated in *Barrett v. Hamby,* supra, at p. 265, that "[a]s the individual's right to the unfettered use of his property confronts the police power under which zoning is done, the balance the law strikes is that a zoning classification may only be justified if it bears a substantial relation to the public health, safety, morality or general welfare. Lacking such justification, the zoning may be set aside as arbitrary or unreasonable." *Guhl v. Holcomb*

*Bridge Road Corp.,* 238 Ga. 322 (232 SE2d 830) (1977). Constitutionality is a question of law for the court and not a question of fact for the jury. "Legislative acts in violation of this constitution, or the Constitution of the United States are void, and the judiciary shall so declare them." Ga. Const., Art. I, Sec. II, Par. VIII (Code Ann. § 2-208). *City Council of Augusta v. Carpenter,* 240 Ga. 448 (241 SE2d 199) (1978). Holdings to the contrary in *Central R. & Bkg. Co. v. Brunswick & W. R. Co.,* 87 Ga. 386 (13 SE 520) (1891), *City of Acworth v. Western & A. R. Co.,* 159 Ga. 610 (126 SE 454) (1924), and similar cases are overruled.

Although there is no right to jury trial, the court may call for special verdicts if, in its discretion, it desires to seek a jury's aid as a fact finding body to resolve specific factual disputes. The court then will have the facts as determined by the jury's special verdict in deciding the ultimate constitutional issue. This is true whether the case arises in equity, or as a declaratory judgment or mandamus action.

The trial court correctly denied the county's demand for a jury trial on the constitutionality of the zoning applicable to the property.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 13, 1978 — DECIDED OCTOBER 4, 1978 — REHEARING DENIED OCTOBER 24, 1978.

*George P. Dillard, Gail C. Flake,* for appellants.
*Greene, Smith, Davis & Dodson, Laurie C. Davis,* for appellees.