## 38038. CAWTHON v. DOUGLAS COUNTY.

PER CURIAM.

Douglas County brought an action against Mary Cawthon in May, 1981, alleging in the first count that the defendant was operating a commercial business (i.e., grooming dogs in her residence) in violation of the Zoning Ordinance of Douglas County, and alleging in the second count that the defendant was violating the Animal Control Ordinance of Douglas County by allowing her two vicious dogs to run loose, unsupervised and without a leash, so as to constitute a public nuisance. The county further alleged that it had no adequate remedy at law, and sought to temporarily and permanently restrain and enjoin the defendant from operating her commercial business in her home; to temporarily and permanently restrain and enjoin her from violating the animal control ordinance; and to have her dogs declared a public nuisance and have them removed from her property.

The defendant filed her answer and counterclaim and demand for trial by jury, alleging that both ordinances were unconstitutional; that the plaintiff county was guilty of laches and unclean hands; that the plaintiff had an adequate remedy at law; and that her civil rights had been violated by the discriminatory practices of the plaintiff in its arbitrary enforcement of its ordinances.

The matter was set down for hearing by rule nisi and, upon the call of the case, the defendant demanded a jury trial pursuant to her written demand therefor. The court denied the demand and specially set the matter for hearing several days later.

The matter was then called on the date specially set, and jury trial was again demanded and denied. Defendant's counsel moved for a continuance on the grounds of the defendant's absence from court because of illness and his not being prepared by virtue of the denial of the demand for jury trial. The continuance was denied, and the court ordered the hearing to proceed as to all features of the plaintiff's complaint and again denied the renewed demand for jury trial. A court reporter was not available, and the hearing proceeded.

By agreement of counsel, it was stipulated that the defendant's residence was zoned R-2 and was part of a residential subdivision; that from June, 1980, through December 31, 1980, the defendant had a valid business license to operate her dog-grooming business; and

that the county's zoning and animal control ordinances be allowed into the record. Counsel for the defendant argued that both ordinances were unconstitutional, since copies of them were not available to the general public; that the plaintiff arbitrarily and capriciously enforced them; and that there were at least four other dog-grooming businesses in other residential areas of the county which the plaintiff county allowed to go unchecked. The trial court ordered that the hearing proceed.

The plaintiff presented the testimony of three witnesses, all of whom lived in the defendant's subdivision and testified as to her operation of the dog-grooming business in her residence. There was no testimony that the defendant operated the business outside of her home; there was testimony as to what equipment she had in her home, including dipping and washing baths and numerous cages to confine the dogs. There was also testimony that several persons were observed bringing dogs into the defendant's residence and that, on one occasion, a large dog escaped while it was being carried into defendant's residence and had to be restrained by animal control authorities. There was further testimony that there was a substantial increase in the volume of vehicular traffic after the defendant's business commenced; that accumulations of dog hairs apparently coming from the defendant's residence were found in the neighbors' yards; and that the defendant's dogs attacked other dogs without provocation, and, on one occasion, they attacked several rabbits in a cage.

The defendant, not being present, presented no evidence and, after argument of counsel, the trial court determined that the defendant's use of her residence for grooming dogs was not a customary, incidental home occupation as contemplated by the county zoning ordinance. The court further ruled that the defendant was in violation of that ordinance, and permanently restrained and enjoined her from operating the dog-grooming business at her residence; declared her two dogs to be public nuisances; and restrained and enjoined the defendant from allowing her two dogs to be unrestrained while either on or off her property. The defendant appeals from this order, enumerating three alleged errors.

1. The defendant contends that the trial court erred in denying her demand for a jury trial and in determining with finality facts which should ultimately be determined by a jury. We begin with the question of whether the defendant would be entitled to a jury trial at a permanent injunction hearing.

In *Williams v. Overstreet,* 230 Ga. 112 (195 SE2d 906) (1973), an equity case begun as an action to enforce an equitable lien and concluded as an interpleader action, appellants contended (as the

defendant does here) that the trial judge could not enter final judgment because they were entitled to a trial by jury. After considering what is now Code Ann. § 2-4401 ("The right of trial by jury . . . shall remain inviolate . . .") and Code Ann. § 81A-138 ("The right of trial by jury as declared by the Constitution of the State or as given by a statute of the State shall be preserved to the parties inviolate"), the court found that these provisions mean that the constitutional right to trial by jury shall not be taken away in cases where it existed when the constitution was adopted in 1798. After reviewing several cases the court found: "It is thus clear that the Georgia Constitution does not require trial by jury in equity cases. If there is a right to trial by jury in a case such as the one at bar, then there must be a statute providing for jury trial in such cases in this state. No such statute has been brought to our attention, and our own research reveals no such statute." 230 Ga. at 116. See also 10A EGL Equity §§ 215, 221 (1979). The holding of *Williams v. Overstreet,* supra, was applied to a suit for specific performance in *Fields v. Davies,* 235 Ga. 87 (1) (218 SE2d 828) (1975), and was applied to a zoning ordinance case in *City Council of Augusta v. Carpenter,* 240 Ga. 448 (2) (241 SE2d 199) (1978). In *Selby v. Gilmer,* 240 Ga. 241, 242 (240 SE2d 80) (1977), we wrote: "This court has previously held that there is no right of trial by jury in an equity case. [Cits.]" There being no constitutional right to trial by jury in equity cases, we turn again to the statutes.

In the Code of 1895, §§ 4847, 4849, read as follows: § 4847 — "At any stage in the progress of a cause for equitable relief, if any portion of the same is ready for or requires a decree, the court may hear and determine such matters, and pass such interlocutory decree or order as may advance the cause and expedite a final hearing. If no issue of fact is involved, the verdict of a jury is unnecessary."; § 4849 — "When any question of fact is involved, the same shall be decided by a jury. If there is no such question, or the auditor's report, unexcepted to, covers all such questions, the judge may render a decree without the verdict of a jury. And in the trial of any proceedings for equitable relief in this State, upon the request of either party to said cause, made after the same is called for trial, and before the beginning of the introduction of evidence in the same, the presiding judge shall, when charging the jury, instruct and require them to find a special verdict of the facts only in said cause, and shall inform the jury what issues of fact are made by the pleadings in said cause. Upon the special verdict of facts so rendered, the presiding judge shall make a written judgment and decree in said cause under the law applicable to the same."

Thus, it will be noted that the last sentence in § 4847 fits

"hand-in-glove" with the first sentence in § 4849. And it will be noted, § 4849 did at least two things. It provided the statutory right to trial by jury as to questions of fact in equity cases, and it provided the statutory right to a special verdict upon timely request of either party.

The Code of 1910, §§ 5420, 5422, carried the cited provisions of the Code of 1895 forward. *Lyon v. Lyon,* 103 Ga. 747 (3) (30 SE 575) (1898), was decided under the Code of 1895. *Jones v. Mauldin,* 208 Ga. 14 (3) (64 SE2d 452) (1951), although decided under the Code of 1933, followed *Lyon v. Lyon,* supra.

However, in the Code of 1933, the provision that "When any question of fact is involved, the same shall be decided by a jury" was deleted in Code § 37-1104 although its "glove" in Code § 37-1101 remained. Then when the CPA was adopted, Code § 37-1104 was repealed (Code Ann. § 81A-201 (g)), and its counterpart authorizing special verdicts was enacted in Code Ann. § 81A-149.[1]

As we stated in *Guhl v. Davis,* 242 Ga. 356, 358 (249 SE2d 43) (1978), which also involved the question of the constitutionality of a zoning ordinance: "Although there is no right to jury trial, the court may call for special verdicts if, in its discretion, it desires to seek a jury's aid as a fact finding body to resolve specific factual disputes. The court then will have the facts as determined by the jury's special verdict in deciding the ultimate constitutional issue. This is true whether the case arises in equity, or as a declaratory judgment or mandamus action." See also Code Ann. § 81A-139.

In view of the repeal in the 1933 Code of the provision reading "When any question of fact is involved, the same shall be decided by a jury" and in view of *Williams v. Overstreet,* supra, *Fields v. Davies,* supra, *City Council of Augusta v. Carpenter,* supra, *Selby v. Gilmer,* supra, and *Guhl v. Davis,* supra, which are consistent therewith, we conclude that headnote 3 of *Jones v. Mauldin,* supra, was incorrectly decided under the Code of 1933 and that there is no statutory right to trial by jury in equity cases in general. (But see Code § 37-1103 as to jury trials of exceptions, approved by the court, to findings of fact by auditors.) In view of the repeal of that part of Code § 37-1104 providing for jury trial of questions of fact in equity cases, we do not read the last sentence of Code § 37-1101, which formerly was

---

[1] Although the annotated Code suggests that Code § 37-1104 was only repealed by the CPA as to civil actions in courts of record and the CPA does not apply to specific rules of practice and procedure in special statutory proceedings, the superior courts which are courts of record have exclusive jurisdiction in equity cases, Code Ann. § 2-3301, which are not special statutory proceedings. Thus it appears that Code § 37-1104 has been repealed as to all courts and cases to which it was applicable.

necessary to avoid a conflict between the two Code sections, as creating by negative implication a right to trial by jury in equity cases.

Thus, the trial court did not err in denying defendant's demand for jury trial.

Code Ann. § 81A-165 (a) (2) provides: "Before or after the commencement of the hearing of an application for an interlocutory injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. Even when this consolidation is not ordered, any evidence received upon an application for an interlocutory injunction which would be admissible upon the trial on the merits shall become a part of the record on the trial and need not be repeated upon the trial. This paragraph shall be construed and applied so as to save any rights of the parties which they may have to trial by jury." We read the last sentence of this section as preserving the right to jury trial as to claims for damages when tried with an equity case, not as creating a right to trial by jury in permanent injunction hearings. This is consistent with the second sentence of Code Ann. § 81A-165 (a) (2) because if there were a right to jury trial in permanent injunction hearings, then the evidence received at the earlier hearing would have to be reintroduced and repeated.

There were no issues of fact developed in the trial court and thus the court would have been authorized to advance the trial on the merits and consolidate it with the hearing on the application for interlocutory injunction. Compare *Fayette County v. Seagraves,* 245 Ga. 196 (2) (264 SE2d 13) (1980), and cases cited therein. Having no transcript of the hearing before us, we will not presume that the trial court did not timely exercise its power under Code Ann. § 81A-165 (a) (2), where the court's order indicates that it did exercise such power. Therefore, the trial court did not err in granting permanent injunctive relief.

2. The defendant argues that the county had an adequate remedy at law by bringing criminal charges. The county was expressly authorized by its ordinance to seek injunctive relief against the defendant's violations of the zoning ordinance. Whether or not the county can create by ordinance its right to injunctive relief, under the facts of this case the legal remedy of taking warrants for violations of the criminal laws "would be deficient in protecting from anticipated wrong or relieving for injuries done," Code § 37-102; would not afford "the full relief to which the facts and circumstances entitle" it, *Chadwick v. Dolinoff,* 207 Ga. 702 (2) (64 SE2d 76) (1951); and would not be "as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity." *Davis v. Logan,* 206 Ga. 524 (4) (57 SE2d 568) (1950).

3. Although no transcript of the interlocutory hearing appears in the record, the evidence admittedly adduced was sufficient to authorize the trial judge to find that the defendant's dog-grooming business was sufficiently voluminous and mechanized so as not to come within the definition of a customary, incidental home occupation and that under the facts of this case the defendant thus was violating the zoning ordinance.

*Judgment affirmed. All the Justices concur, except Marshall and Smith, JJ., who dissent.*

DECIDED JANUARY 7, 1982.

*Kunz & Hauptman, Robert A. Kunz,* for appellant.
*William C. Tinsley II,* for appellee.

MARSHALL, Justice, dissenting.

In this case, we are presented with two statutory provisions. Under one, questions of fact in equity cases are to be decided by a jury. Under the other, if in an equity case no issue of fact is involved, the verdict of a jury is unnecessary. By negative implication, this latter provision necessarily means that where there is an issue of fact in an equity case, the verdict of a jury is necessary (if, of course, there is a demand for a jury trial).

The real question presented is whether the deletion or omission of the former statutory provision results in a repeal by implication of the latter. In my opinion, an application of the rules for determining implied repeals of statutes requires this question to be answered in the negative. See 19A Ga. Digest Statutes, § 158 et seq. (1964); 73 AmJur2d Statutes, § 400 et seq. (1974); 1A Sutherland Statutory Construction, § 23.09 et seq. (4th Ed.). I therefore dissent.

I am authorized to state that Justice Smith joins in this dissent.