40879. AVANT et al. v. DOUGLAS COUNTY.

(319 SE2d 442)

MARSHALL, Presiding Justice.

Douglas County brought this complaint against the Avants to enjoin them from violating a section of the county zoning code providing that in R-2 single-family residential districts goats and hogs are "not to exceed a total of one animal per gross acre for a total of three per gross tract(s)." This ordinance also prohibits the pen or lot in which the animals are housed from being located closer than 200 feet to a

private residence on adjoining property.

The evidence shows that the Avants' tract consists of approximately 21 acres, and since they began acquisition of this tract in 1966 they have raised anywhere from one to 70 hogs on the property per year.

The Avants have raised various defenses to the county's requests for injunctive relief. The Avants argue that the subject ordinance is unconstitutionally arbitrary and unreasonable in that it limits the named animals to a total of three per gross tract without taking into consideration the size of the tract. See generally *Barrett v. Hamby*, 235 Ga. 262 (219 SE2d 399) (1975). The Avants also contend that, in that a large cow farm is being allowed to operate next to them in the same zoning district, there has been a lack of uniform enforcement of this ordinance. See *Matthews v. Fayette County*, 233 Ga. 220, 226 (210 SE2d 758) (1974) and cits. In addition, the Avants raise a defense that their hog-farm operations constituted a nonconforming use at the time the R-2 zoning became applicable to their property, and that the county has not complained of any zoning violations until recently.[1]

Procedurally, the Avants contend that the present complaint is subject to dismissal under OCGA § 9-2-5 (a),[2] in that the county has previously instituted proceedings against the Avants in municipal court for violation of this ordinance.[3]

The superior court rejected all of the Avants' defenses, and following a bench trial temporary injunctive relief was entered in favor of the county. The Avants appeal. For the following reasons, we reverse.

We hold that where, as here, a zoning ordinance is applicable to residential districts containing large, i.e., 21-acre tracts, it is unconstitutionally unreasonable and irrational in limiting the number of animals per tract without taking into consideration the size of the tract.[4] "As the individual's right to the unfettered use of his property confronts the police power under which zoning is done, the balance the law strikes is that a zoning classification may only be justified if it

---

[1] The county points out that there is a provision in the county zoning code requiring nonconforming uses involving no buildings to be discontinued within two years after the zoning becomes effective.

[2] OCGA § 9-2-5 (a) provides: "No plaintiff may prosecute two actions in the courts at the same time for the same cause of action and against the same party. If two such actions are commenced simultaneously, the defendant may require the plaintiff to elect which he will prosecute. If two such actions are commenced at different times, the pendency of the former shall be a good defense to the latter."

[3] Pursuant to OCGA § 15-10-61, the municipal court proceeding has been removed to superior court as a result of the Avants' demand for jury trial.

[4] As held in *Guhl v. Davis*, 242 Ga. 356 (249 SE2d 43) (1978), the constitutionality of a zoning ordinance is a question of law for the court and not a question of fact for the jury.

bears a substantial relation to the public health, safety, morality or general welfare. Lacking such justification, the zoning may be set aside as arbitrary or unreasonable . . ." *Barrett v. Hamby*, supra, 235 Ga. at 265.

*Judgment reversed. All the Justices concur, except Hill, C. J., who dissents.*

DECIDED SEPTEMBER 5, 1984.

*Hartley, Rowe & Fowler, Joseph H. Fowler*, for appellants.
*W. O'Neal Dettmering, Jr.*, for appellee.

HILL, Chief Justice, dissenting.

I would affirm the trial court and therefore must dissent. It should be that a county can prohibit all hogs in an area zoned single-family residential and thus should be authorized to limit the number to 3. Moreover, the testimony at the hearing on the temporary injunction showed that at least recently, the Avants were averaging about 40 hogs per year. This number violates the 1 hog per acre limit not held unconstitutional by the majority and thus the injunction was authorized.

The trial court held that the ordinance limiting "3 hogs or pigs for an eight or twenty-one acre tract [in a single-family residential zone] is a reasonable ordinance," (matter in brackets added) and "that Douglas County has a right and a duty to regulate land uses especially in view of the rapidly changing urban area contained within the county." I would uphold the validity of this ordinance as applied to single-family residential zones and would hold that the trial court did not abuse its discretion in enjoining its violation.