41124, 41125. LIFE FOR GOD'S STRAY ANIMALS, INC. et al. v. NEW NORTH ROCKDALE COUNTY HOMEOWNERS ASSOCIATION et al. (two cases).

(322 SE2d 239)

MARSHALL, Presiding Justice.

This multi-count complaint was filed by the New North Rockdale County Homeowners Association, and two of its members: Paul and Sue Morris. Named as defendants are Rockdale County, the Rockdale County Board of Commissioners, the Rockdale County Building Inspector, Life for God's Stray Animals, Inc., and Gerald and Ann Fields. The Fieldses operate an animal shelter under the name Life for God's Stray Animals, Inc., and this shelter is located in the vicinity of the homes owned by members of the plaintiff association.

In one count of the complaint, the plaintiffs request that the county officials be mandamused to enforce zoning ordinances applicable to the property on which the animal shelter is located. In another count, the plaintiffs request that operation of the animal shelter in this district, which is zoned for single-family residential use, be enjoined as a nuisance. The remaining counts of the complaint seek damages. Defendants Fieldses filed a demand for jury trial, which was denied.

A bench trial was held. Subsequently, the superior court entered an order finding that the Fieldses (referred to hereafter as appellants) are in violation of a requirement in the Rockdale County Code, applicable to establishments used for "commercial kennels and the raising of small animals for sale," and providing that no portion of a structure used to house animals shall be located closer than 200 feet to any property line. Accordingly, the court ordered that a mandamus be issued requiring the county officials to enforce this zoning requirement.

After the mandamus order was issued, the court held another bench trial on the nuisance and injunction issues; the question of damages was reserved for later adjudication. Extensive evidence was introduced. Following this trial, the court entered another order permanently enjoining the appellants' operation of the animal shelter as a nuisance. In this regard, the court found that over 1,000 stray animals are located within this single-family residential district; there

are no buildings used in connection with the operation of this animal shelter (this does not mean that there are no pens or structures); animal noises can be heard at great distances, which impedes plaintiffs' quiet enjoyment of their property; chemically contaminated water has been allowed to run off the defendants' property; the manner of spread of various zoonotic agents via the release of large amounts of animal waste products into the earth and the possibility for transmission of zoonotic diseases to humans through the well water systems the plaintiffs utilize has created a health hazard; and the evidence further establishes a diminution in the surrounding property values attributable to the presence of the animal shelter.

In Case No. 41124, the appellants appeal the injunction, arguing that the trial court erred in denying their request for a jury trial and in basing its ruling on the residential zoning of the property. The appellants also argue that the superior court's ruling ignores a consent decree taken between them and the county in previous litigation. They further argue that the judgment in this case is not supported by the evidence. Finally, the appellants argue that the testimony of one of the plaintiffs' expert witnesses should have been stricken.

In Case No. 41125, the appellants appeal the mandamus order, arguing that the county code's 200-foot-setback requirement does not apply to their animal shelter and that the mandamus order is contrary to the previously referred to consent decree.

In addition, the plaintiffs have filed a motion to dismiss the appeal in Case No. 41125 on the ground that the notice of appeal was not filed within 30 days of entry of the mandamus order as required by OCGA § 5-6-38 (a). *Held*:

For the following reasons, the motion to dismiss is denied and the judgments are affirmed.

1. As previously stated, Case No. 41125 is an appeal of the mandamus order, and Case No. 41124 is an appeal by the appellants from an order subsequently entered by the superior court permanently enjoining the appellants' operation of the subject animal shelter on the ground that it is a nuisance. Under OCGA § 5-6-34 (c), the appellants were authorized to defer the appeal of the mandamus order until the appeal of the order granting the permanent injunction.

2. The transcript of the hearing on the mandamus application is not part of the record on appeal. Therefore, we must presume that the evidence supports the trial court's finding that this animal shelter constitutes a "commercial kennel" within the meaning of the county code. E.g., *Attwell v. Heritage Bank Mt. Pleasant*, 161 Ga. App. 193 (291 SE2d 28) (1982).

3. The consent decree taken in the prior suit by the county against the appellants provides as follows: (1) The appellants agree to obey all zoning requirements of Rockdale County. (2) The appellants

agree to apply to the Rockdale County Board of Zoning Appeals for a variance from the setback requirements for existing violations. (3) Animals at another location are allowed to be moved to this animal shelter. (4) The appellants agree to apply for, and the county agrees to give, a building permit for enclosures in existence. (5) The appellants agree to apply for building permits for future enclosures.

Thus, the consent decree shows on its face that, notwithstanding the county's issuance of a building permit for enclosures on the property, it still behooved the appellants to obtain a variance from the county's 200-foot-setback requirement. The evidence in this suit shows that the appellants' application for a variance was denied. Therefore, we find no inconsistency between the mandamus order in this case and the consent decree taken in the prior case.

4. In *Cawthon v. Douglas County*, 248 Ga. 760 (1) (286 SE2d 30) (1982), it was held that there is no right to a jury trial in equity. A suit to enjoin a nuisance is in equity. See *Cawthon v. Douglas County*, supra. However, *Cawthon* additionally holds that there is a statutory right to jury trial as to claims for damages when tried in an equity case. In order to preserve the right to a jury trial on the question of damages, the jury trial on the damage question should have been held prior to the nonjury trial of the permanent injunction issue. See Dairy Queen v. Wood, 369 U. S. 469 (82 SC 894, 8 LE2d 44) (1962); Beacon Theatres v. Westover, 359 U. S. 500 (79 SC 948, 3 LE2d 988) (1959).

Here, the appellees in their brief state that they would rather have their damage claim dismissed than suffer a reversal of the judgment. Therefore, the judgment is affirmed on the condition that the appellees dismiss their damage claim.

5. The evidence supports the court's enjoining the appellants' operation of the animal shelter as a nuisance.

"A nuisance is anything that causes hurt, inconvenience, or damage to another and the fact that the act done may otherwise be lawful shall not keep it from being a nuisance . . ." OCGA § 41-1-1. What this means is that a business that is itself legal cannot be a nuisance per se but can become a nuisance "when conducted in an illegal manner, to the hurt, inconvenience or damage to another, or because of the locality in which it is operated." 23 EGL, Nuisances, § 8, p. 131 (1974). (Footnotes omitted.) " 'To constitute a nuisance, it is not necessary that the noxious trade or business should endanger the health of the neighborhood. It is sufficient if it produces that which is offensive to the senses, and which renders the enjoyment of life and property uncomfortable.' (Cits.) The test, of course, is whether the act or thing complained of would be offensive to persons of ordinary feelings and sensibilities, and not those of fastidious taste or temperament." *Benton v. Pittard*, 197 Ga. 843, 845-846 (31 SE2d 6, 153 ALR 968)

(1944).

6. For reasons previously given, it cannot be said that the trial court's adjudication in this case that the animal shelter is an abatable nuisance is barred by the consent decree.

Furthermore, "in distinguishing between zoning regulations and the suppression of nuisances, it is to be noted that zoning regulations, in permitting certain uses of property in specified zones, do not thereby conclusively establish that such uses are not private nuisances. Acts of municipal officers under zoning legislation in permitting the use of property for what is or may be a nuisance do not oust the jurisdiction of equity to determine whether a nuisance in fact exists and should be restrained." 82 AmJur2d, Zoning & Planning, § 3, pp. 389-390. (Footnote omitted.)

7. The complained-of expert testimony was not disallowable for any reason alleged.

*Judgments affirmed on condition. All the Justices concur.*

DECIDED OCTOBER 31, 1984 —
REHEARING DENIED NOVEMBER 16, 1984.

*Macey & Sikes, Abraham A. Sharony, Neil C. Gordon,* for appellants.

*Sidney L. Nation, A. Lee Parks, Jr., Larry H. Chesin,* for appellees.