24448. ALGERNON BLAIR, INC. v. TRUST COMPANY OF GEORGIA BANK OF DEKALB et al.

ARGUED JANUARY 8, 1968—DECIDED MARCH 7, 1968.

Powell, Goldstein, Frazer & Murphy, Elliott Goldstein, Wayne Shortridge, Kendrick W. Mattox, Jr., for appellant.

Edward H. Robertson, Albert E. Mayer, Carnes, Jernigan, Dillon & White, James A. White, Jr., Green & Smith, Jack M. Smith, Roland Neeson, for appellees.

FRANKUM, Justice. This appeal presents a question of first impression in Georgia, since it raises for the first time the issue of what interpretation and effect is to be given to Section 22 (the interpleader section) of the 1966 Civil Practice Act (Code Ann. § 81A-122; Ga. L. 1966, pp. 609, 632; 1967, pp. 226, 232). While the petition (complaint) in this case was filed on July 7, 1967, which was prior to the effective date of the Civil Practice Act (September 1, 1967), the record discloses that the trial judge, in entering the order appealed from, treated the case as governed by the Civil Practice Act (as he was required to do by Section 86 of the Act in the absence of a finding that its application in the particular circumstances would not be feasible or would work injustice), and the parties in their briefs before this court have similarly treated the case, and we will, accordingly, so treat it.

Briefly summarized, the petition of the plaintiff naming as parties defendant L. M. Thompson, Trust Company of Georgia,

John C. McElhannon, E. L. Thompson, Trust Company of Georgia Bank of DeKalb, and Professional Waterproofers, Inc., and denominated a bill of interpleader discloses the following facts: The petitioner, Algernon Blair, Inc., was the prime contractor with the General Services Administration, an instrumentality of the United States Government, to furnish all labor and materials and to perform all work required for certain additions to the Communicable Disease Center at Atlanta, Georgia. Petitioner entered into a contract with the defendant Professional Waterproofers, Inc., the subcontractor, which contract was signed on behalf of the subcontractor by the defendant L. M. Thompson as president, and which contract was for the performance of certain waterproofing operations in connection with plaintiff's prime contract. Under the said contract with Professional Waterproofers, Inc., the petitioner retained $6,260.98 of the contract price, which retainage became payable on June 15, 1967. Petitioner did not know it at the time, but when the aforesaid contract was executed there was no such corporation as Professional Waterproofers, Inc., chartered under the laws of Georgia, and petitioner alleges that it does not know whether there was such a corporation under the laws of another state on that date or not, and therefore does not know whether it contracted with a corporation or with L. M. Thompson individually.

Petitioner has been presented with claims against the aforesaid retainage, as follows: By the defendant, Trust Company of Georgia in the amount of $2,000 derived from a loan secured by this retainage made by that defendant to Professional Waterproofers, Inc., or to L. M. Thompson; by John C. McElhannon in the amount of $4,893.82 based on a note signed by Truman W. McCabe and the defendant L. M. Thompson either as individuals or on behalf of Professional Waterproofers, Inc., and secured by the retainage; by the defendant L. M. Thompson based on a judgment in the principal amount of $435 against the defendant L. M. Thompson and presented by means of a certain described summons of garnishment served on petitioner; by the defendant, Trust Company of Georgia Bank of DeKalb, based on a claim in the principal amount of $3,549.51 being asserted against Professional Waterproofers, Inc., in a pending

lawsuit and presented to petitioner by means of a described summons of garnishment served on petitioner; and by the defendant Professional Waterproofers, Inc., which is demanding that the retainage due under the said subcontract be paid to it.

Petitioner alleged that it could not, "with safety and without being exposed to multiple liability and to a multiplicity of lawsuits, pay the retainage or any part thereof to any of the defendants because of the adverse and conflicting claims and the uncertainty as to whom payment should be made," and that it "is not in collusion with any parties or their counsel and is not interested in the retainage due under the contract, but is a mere stakeholder," and stands ready to pay the amount of the retainage into court. The defendant Trust Company of Georgia Bank of DeKalb filed, on July 21, 1967, general and special demurrers under the then applicable procedure. In an order rendered, as we have said, on October 19, 1967, the trial court dismissed the petition or complaint. The appeal is from that order. The contention of the appellant, in substance, is that in the language of the 1966 Civil Practice Act, the trial court erred in sustaining the appellee's motion to dismiss the complaint for failure to state a claim upon which relief can be granted, because Section 22 of that Act broadened and liberalized the rules relating to the remedy of interpleader so as to render the technicalities formerly associated with the equitable remedy of a strict bill of interpleader no longer applicable to complaints tried under that section.

We think the appellant's contention is correct and that the trial court erred in dismissing the petition. Interpleader provisions are remedial in nature and therefore should be liberally construed in order that their utilitarian purposes may be best effectuated. *Scott v. Mayor &c. of Mt. Airy,* 186 Ga. 652 (198 SE 693). When thus construed and when properly utilized, a many-sided dispute may be economically and expeditiously settled within a single proceeding, and the stakeholder will thereby be relieved of the necessity of determining at his peril which of several claimants to a fund should be paid, and, at the same time, he will be shielded from the threat or possibility of vexatious multiple litigation and from the hazard of inconsistent and

adverse determinations in separate suits as to liability to different claimants. The right to interpleader under Section 22 of the Act should depend merely upon the stakeholder's good-faith fear of adverse claims, regardless of the merits of those claims or what the stakeholder bona fide believes the merits to be. The complainant's offer to deposit the disputed fund into the registry of the court and to be discharged from the litigation should not be denied merely because the claim advanced by one of the claimants is weak or rests on tenuous grounds. Indeed, it will normally be the case that the assertions of one or more of the claimants will be lacking in merit, but that fact alone does not relieve the stakeholder of the substantial risk of vexatious litigation. In the very nature of interpleader, where the total claims presented to the stakeholder exceed the amount of the fund, some of the claims will be found either to be lacking in merit or to be subordinate, but the fact that this may appear on the face of the stakeholder's petition should not operate to deny him the relief he seeks, that is, relief from the threat of vexatious multiple litigation. We, therefore, hold that regardless of whether the petition, considered merely in the light of the provisions of *Code Ann.* § 37-1503 stated a claim upon which relief can be granted or not, it is clear that under the remedial provisions of Section 22 of the 1966 Civil Practice Act, it did set forth a claim upon which relief can be granted and that the trial court erred in dismissing the petition.

*Judgment reversed. All the Justices concur.*