25170. INSURANCE COMPANY OF NORTH AMERICA v. CITIZENS BANK OF GAINESVILLE et al.

Argued May 12, 1969—Decided June 12, 1969.

*Long, Weinberg & Ansley, Palmer H. Ansley, John K. Dunlap,* for appellant.

*Herbert Edmondson, Robert E. Andrews, Edward L. Savell,* for appellees.

GRICE, Justice. Rulings adverse to an insurer in its counterclaim for interpleader are the bases for this appeal.

Insurance Company of North America was sued in the Superior Court of Hall County by the Citizens Bank of Gainesville, Georgia, the loss payee of a fire insurance policy issued by North America to D. J. Chastain. Thereupon, North America sought to implead the Bank, Chastain, and Nationwide Mutual Fire Insurance Company, which had issued to Chastain's former wife Bessie Jenkins its policy on the same property.

Enumerated as error are the following rulings: dismissal, upon motions by the Bank and by Nationwide, of North America's counterclaim for interpleader; dismissal of Nationwide as a party to the proceeding; denial of North America's prayer to enjoin Nationwide from further prosecution of another suit against North America; and requiring North America to recast its pleadings by omitting reference to portions stricken by these rulings.

The Bank's complaint against North America alleged, insofar as necessary to recite here, the following: that North America issued to Chastain a fire insurance policy covering a described dwelling in the amount of $10,000, containing a loss payable clause to the Bank as mortgagee; that thereafter, while the policy was in force, the building was destroyed by fire; that between the issuance of the policy and the loss, Chastain conveyed the property to his wife and children; and that at the time of the loss Chastain owed the Bank $7,660. The complaint prayed for judgment in the principal amount of $7,660, together with interest, damages and attorney's fees.

To the foregoing complaint, North America responded by interposing certain defenses, not material here, and a counterclaim for interpleader, which named the Bank, Nationwide and Chastain as claimants.

North America's counterclaim for interpleader recited the issuance to Chastain of its policy referred to above; the subsequent issuance by Nationwide to Bessie Jenkins of its policy in the face amount of $15,000 covering the same property, and damage of the property by fire.

As to the Bank, such counterclaim alleged that it has de-

manded that North America pay it $7,660, besides interest, under the policy issued to Chastain.

As to Nationwide, the counterclaim alleged that it has demanded that North America pay it $6,993.94 as the pro rata liability of North America to Bessie Jenkins under both of the policies, and that on June 7, 1968, Nationwide filed suit in the Civil-Criminal Court of DeKalb County against North America for said amount, together with interest and costs, which suit is still pending. A copy of the complaint in that suit is attached, and it alleges, among other matters, that Nationwide has paid a judgment of $16,238.66 obtained against it by Bessie Jenkins for the loss under the policy issued by it; that because of provision in both policies that "this company shall not be liable for a greater portion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not," North America is liable for 40% of Bessie Jenkins' judgment; that since North America failed to respond to Nationwide's notice of voucher in her suit against it, it had to pay North America's 40% and is therefore entitled to recover such from North America.

As to Chastain, North America's counterclaim for interpleader alleged that it believes he, the insured under its policy, will assert a claim against it for the difference between the amount of the loss and the amount of the outstanding indebtedness, up to the face amount of the policy.

North America's counterclaim further alleged that by reason of the foregoing claims it is exposed to multiple liability in excess of the face amount of its policy of insurance and is faced with a multiplicity of suits.

Such counterclaim prayed that Nationwide and Chastain be made parties defendant; that Nationwide and Chastain interplead their respective claims; that Nationwide be enjoined from further prosecution of its suit against North America; that North America be discharged from all liability except as to the party or parties adjudged to be entitled to any portion of the face amount of said policy; that North America be awarded its costs and attorney's fees; and that it have general relief.

The Bank and Nationwide moved to dismiss North America's counterclaim for interpleader.

North America submitted an affidavit to the effect that it was served with the suit by the Bank against it on May 17, 1968, and with that by Nationwide against it on June 10, 1968. The affidavit stated that the claims now asserted exceed the face amount of the policy issued by North America to Chastain.

Thereupon, the trial court entered an order bringing about this appeal and the enumeration of errors recited at the outset of this opinion.

■ North America's counterclaim for interpleader, as we view it, was sufficient to withstand the Bank's motion to dismiss.

The grounds of that motion were substantially as follows: (1) that Nationwide is not entitled to contribution from North America; (2) that Chastain is not entitled to recover in excess of the amount he owes the Bank; (3) that Nationwide's DeKalb County suit against North America is separate and distinct and involves a different policy than the one sued on here; (4) that the Bank, as mortgagee, has a separate insurable interest from Bessie Jenkins; and (5) that there can be no proration of liability under the two policies where insurance is obtained on the same property by different parties with separate and distinct insurable interests.

These grounds go to the merits of the other claims that North America alleges it faces.

It should be borne in mind, however, that the sufficiency of North America's counterclaim for interpleader does not turn on whether there is any merit in the claims asserted against it. In this connection section 22 (a) of the Civil Practice Act (Ga. L. 1967, pp. 226, 232; *Code Ann.* § 81A-122 (a)), provides in material part as follows: "Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another or that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim."

This court, in *Algernon Blair, Inc. v. Trust Co. of Ga. Bank of DeKalb*, 224 Ga. 118, 121 (160 SE2d 395), interpreted and gave effect to the foregoing provision in a factual situation similar in principle to this one. It said: "The right to interpleader under Section 22 of the Act should depend merely upon the stakeholder's good-faith fear of adverse claims, regardless of the merits of those claims or what the stakeholder bona fide believes the merits to be. . . Indeed, it will normally be the case that the assertions of one or more of the claimants will be lacking in merit, but that fact alone does not relieve the stakeholder of the substantial risk of vexatious litigation. In the very nature of interpleader, where the total claims presented to the stakeholder exceed the amount of the fund, some of the claims will be found either to be lacking in merit or to be subordinate, but the fact that this may appear on the face of the stakeholder's petition should not operate to deny him the relief he seeks, that is, relief from the threat of vexatious multiple litigation. We, therefore, hold that regardless of whether the petition, considered merely in the light of the provisions of *Code Ann.* § 37-1503 stated a claim upon which relief can be granted or not, it is clear that under the remedial provisions of Section 22 of the 1966 Civil Practice Act, it did set forth a claim upon which relief can be granted. . ."

In the present case North America's verified allegations as to being faced with a multiplicity of suits and the risk of multiple liability comport with the statute and decision above referred to. See Form, Ga. L. 1966, pp. 609, 680 (*Code Ann.* § 81A-321).

We therefore hold that the Bank's motion to dismiss the counterclaim for interpleader should not have been granted.

■ It follows that the right of North America to interplead the parties in this situation is not to be denied by Nationwide's contentions in its motion to dismiss the counterclaim for interpleader that (1) North America failed to fulfill its policy obligations to the Bank and therefore is not entitled to relief; and that (2) North America was served with notice of voucher into the litigation between Bessie Jenkins and Nationwide, had the opportunity to determine its liability there, and therefore has waived any right to interpleader. Accordingly, it was also error to sustain Nationwide's motion to dismiss.

■ The rulings made in Divisions 1 and 2 control as to the remaining enumerations of error. Since North America's counterclaim for interpleader set forth a claim for relief, it was error to require it to recast its pleadings so as to omit reference to features stricken by the trial court's rulings, to dismiss Nationwide as a party, and to deny its prayer to enjoin Nationwide from further prosecution of the DeKalb County suit against it.

*Judgment reversed. All the Justices concur.*