54859. KELLY v. KELLY.

ARGUED NOVEMBER 3, 1977 — DECIDED NOVEMBER 17, 1977.

*Greer & Klosik, Robert H. McDonnell,* for appellant.
*G. Hughel Harrison, W. L. Maloney,* for appellee.

DEEN, Presiding Judge.

"The present rule as to the presumption of validity of a second marriage was stated in *Smith v. Smith,* 230 Ga. 616, 618 (198 SE2d 307) (1973), where this court approved the ruling of the Court of Appeals in *Zurich Ins. Co. v. Craft,* 103 Ga. App. 889 (2) (120 SE2d 635) (1961), as follows: 'Where a party to a ceremonial marriage has been previously married and the validity of the second marriage is challenged, a presumption arises that the second marriage is valid until evidence is adduced that the spouse of the first marriage is living, and only then does the Act of 1957 amending Code § 53-102 (Ga. L. 1957, p. 83), place the burden on the party contending that the second marriage is valid to go forward with the evidence and show that the first marriage was dissolved by divorce.' " *Patrick v. Simon,* 237 Ga. 742 (3) (229 SE2d 746). The appellant was born around 1905 and married at the age of 15. The age of her first spouse, Squire Jones, is not given, but there is no indication in the record that he had been seen alive after her marriage to Kelly in 1926. Her testimony was that she had been informed of his death apparently around the time this marriage took

place. In the absence of proof to the contrary, the second marriage being a ceremonial marriage must be presumed valid.

The trial court erred in not sustaining the caveat to the year's support petition.

*Judgment reversed. Webb and Birdsong, JJ., concur.*