62362. KELLY v. CITIZENS & SOUTHERN NATIONAL BANK.

POPE, Judge.
Laura Kelly, as permanent administratrix for the estate of her husband, Frank Kelly, initiated suit against the Citizens and Southern National Bank (hereinafter C & S) seeking damages for the alleged mishandling of estate funds on deposit there. C & S had relied

upon the temporary letters of administration issued to Naomi Kelly[1] and had allowed her to withdraw and transfer the deceased's savings account to a new savings account and a checking account. These new accounts were listed in the name of Naomi Kelly as "Administratrix of Frank Kelly." Naomi Kelly subsequently withdrew funds from these accounts.

C & S's responsive pleadings denied the allegations of the complaint and alleged that it was a mere stakeholder with respect to the accounts which were claimed by both the permanent and the temporary administratrices. Therefore, C & S sought the remedy of interpleader so as to avoid conflicting claims upon the funds remaining on deposit. The trial court, after a hearing on the matter, entered an order in favor of C & S on all counts of the permanent administratrix' complaint. C & S was discharged from liability concerning the funds which it had paid into the registry of the court. The permanent administratrix appeals from the judgment of the trial court.

1. The permanent administratrix claims as error the trial court's allowing C & S to interplead the temporary administratrix into the original action against C & S. In order to invoke the remedy of interpleader under the provisions of Section 22 of the Civil Practice Act, Code Ann. § 81A-122, a stakeholder need only show that it "is or may be exposed to double or multiple liability." In the present case C & S was subject to claims by two parties, each insisting they were entitled to the estate funds on deposit. "The right to interpleader under Section 22 of the [Civil Practice] Act should depend merely upon the stakeholder's good-faith fear of adverse claims, regardless of the merits of those claims or what the stakeholder bona fide believes the merits to be." *Algernon Blair, Inc. v. Trust Co. of Ga.,* 224 Ga. 118, 121 (160 SE2d 395) (1968). We therefore determine that the use of the interpleader procedure in an attempt to adjudicate all the claims of parties in this action was permissible.

The use of the interpleader provision of the Civil Practice Act does not effect a change of the provisions of the constitution of this state relating to the venue of civil cases. Code Ann. § 2-4901 through § 2-4906. *Pemberton v. Purifoy,* 128 Ga. App. 892 (1) (198 SE2d 356) (1973). Venue in an action where there is a counterclaim, cross-claim or third-party claim for interpleader is proper only in the county of

---

[1] Naomi Kelly had claimed to be the widow of Frank Kelly by virtue of a common-law marriage and had obtained temporary letters of administration. *Kelly v. Kelly,* 144 Ga. App. 43 (240 SE2d 312) (1977); s.c., 147 Ga. App. 745 (250 SE2d 194) (1978).

residence where one of the claimants resides. *Williams v. Overstreet,* 230 Ga. 112 (2) (195 SE2d 906) (1973). In the present case, since one claimant to the fund was a resident of Fulton County where the action was originated, venue was proper although the other claimant resided in Gwinnett County.

2. The permanent administratrix next enumerates as error the trial court's judgment in favor of C & S on all counts of her complaint. Counts one, two and three of the complaint allege liability against C & S for allowing the temporary administratrix to withdraw and transfer funds from the estate of Frank Kelly to accounts in her name as "Administratrix." Georgia law empowers a temporary administratrix to collect and take care of the effects of the deceased until permanent letters of administration are granted. Code Ann. § 113-1207. A temporary administratrix is required to give a good and sufficient bond with security for double the amount of the personal property of the estate. Code Ann. § 113-1221. The Georgia Supreme Court has described a temporary administratrix as being a "mere custodian" to hold the funds of the estate. *Collins v. Henry,* 155 Ga. 886 (2) (118 SE 729) (1923).

We see as implied in the authority to collect assets of an estate the authority for the temporary administratrix to withdraw estate funds from a bank account belonging to the deceased and to transfer such funds to an account listed in the name of the temporary administratrix in her capacity as such. To rule otherwise would greatly impair a temporary administratrix' ability to collect the assets of an estate. No liability will be imposed upon a bank for allowing the withdrawal of funds belonging to a decedent absent circumstances showing actual knowledge by the bank that such funds were being withdrawn by the temporary administratrix for an improper purpose, or circumstances which reasonably support the sole inference that a breach of trust is intended by the bank. *National Factor &c. Corp. v. State Bank of Cochran,* 224 Ga. 535 (1) (163 SE2d 817) (1968).[2]

---

[2] Code Ann. § 41A-1605 (a) provides: "Whenever any . . . administrator . . . or other fiduciary . . . shall deposit any money in any bank to his credit as an individual, or . . . fiduciary, whether the name of the person . . . for whom he is acting or purporting to act be given or not, such bank shall be authorized to pay the amount of such deposit or any part thereof, upon the order of such . . . administrator . . . or other fiduciary, signed with the name in which such deposit was entered, without being accountable in any way to . . . [any] other person . . . who may be entitled to or interested in the amount so deposited." While this code section protects banks from liability when allowing withdrawals and paying accounts ordered to be paid by the persons who have previously deposited such money, the statute is not applicable to the present situation where the amount ordered to be transferred was not initially deposited by

In the present case it is not alleged that C & S had actual knowledge of any improper purpose for the withdrawal. Further, the fact that the estate funds were put into a checking account did not support the sole inference that the temporary administratrix was acting dishonestly or intended an improper withdrawal of the funds. As pointed out in *National Factor,* supra, it is the general rule that every person obeys the mandates of the law and will faithfully perform whatever duty the law may cast upon him. This general rule is applicable to a temporary administratrix in performing her duties.

While it is true that a temporary administratrix may not legally pay the debts of the estate *(Broderick v. Reid,* 164 Ga. 474 (1) (139 SE 18) (1927)), there are instances when an administratrix may be required to pay sums of money to preserve the assets of an estate. A temporary administratrix may, in certain instances, be allowed to carry on the business of the deceased and carry out existing contracts upon proper orders by the probate court after due notice to all parties at interest. Code Ann. § 113-1527. Therefore, the opening of a checking account by a temporary administratrix could certainly be for perfectly legitimate reasons. In the present case, there was no evidence of any circumstances such as would indicate to C & S that the temporary administratrix was acting dishonestly. Nor was there evidence that a breach of trust on the part of the bank was intended. The court properly ruled in favor of C & S on Counts 1, 2 and 3 of the complaint.

Count 4 of the complaint claims liability on the part of C & S for its refusal to pay the estate funds to the permanent administratrix upon her demand. A finding that interpleader was authorized refutes the contention that the stakeholder wrongfully refused to pay over the funds to one of the claimants. Therefore, upon the trial court's determination that interpleader was appropriate, the ruling in favor of C & S as to Count 4 of the complaint was not error.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 17, 1981.

*Fred J. Stokes,* for appellant.
*James S. Hutchinson,* for appellee.

---

that person (the temporary administratrix) but instead was deposited by another (the deceased).