## A90A1458. EVANS v. CUSHING PROPERTIES et al.
### (398 SE2d 306)

BEASLEY, Judge.

Evans, a licensed real estate broker, sued to recover a real estate sales commission from Cushing Properties, Reggie Jackson and Lenard Bryant, on the ground that his business was the procuring cause.

Cushing Properties, a general partnership, owned land on Cushman Circle which was sold to Rumph. Bryant was a real estate agent employed by Evans when Bryant first acted for Rumph in attempting to purchase the property. He left Evans and was employed by Jackson, a licensed real estate broker, both when the sales contract between Cushing Properties and Rumph was executed and when the sale was consummated.

When Cushing Properties answered it counterclaimed and cross-claimed for interpleader, contending that because of the conflicting claims it was in doubt as to who was entitled to the commission. It deposited the commission into the registry of the court, which granted its motion for summary judgment and dismissed it as a party, directing an award in its favor of $1,500 costs for expenses and attorney fees.

The jury verdict was for broker Jackson and agent Bryant. Evans appeals from the judgment entered on the jury verdict, the denial of his motions attacking that judgment and the grant of summary judgment to defendant Cushing Properties on its counterclaim for interpleader.

1. (a) Assigning error on the denial of his motions for judgment n.o.v. and for new trial, Evans asserts the evidence did not authorize the verdict.

The evidence must be construed in favor of the verdict. *Department of Transp. v. Hillside Motors*, 192 Ga. App. 637, 639 (2) (385 SE2d 746) (1989). It is examined in light of the following principles. "In determining whether a broker was the procuring cause of the sale where there is no exclusive contract to sell, it must be established that (i) the negotiations were still pending between the broker and the prospective purchaser; and (ii) the owner was aware that the negotiations were still pending at the time he consummated the sale." *Hendrix v. First Nat. Bank of Columbus*, 173 Ga. App. 513, 515 (326 SE2d 489) (1985). Further considerations in ascertaining whether a broker was the procuring cause are set out in *Kraft Land Svcs. v. Hart Co.*, 165 Ga. App. 358 (300 SE2d 186) (1983); *Gibbs v. Nixon*, 154 Ga. App. 463 (268 SE2d 670) (1980); *Jordan v. Dolvin Realty Co.*, 54 Ga. App. 472 (188 SE 304) (1936).

Rumph was Bryant's client in June 1986 and had been involved with him in a joint purchase of land. Bryant showed Cushing Proper-

ties' land to Rumph and took his offer of purchase to Kirkpatrick, Cushing Properties' managing partner. Kirkpatrick was not interested in the offer, which was made to him twice, the second time for a higher amount. He was not interested because he had a sales contract in hand. Rumph's attempted deal was considered by all as "dead," even though Kirkpatrick retained the original purchase offer and Rumph's earnest money check. On July 17 Bryant left Evans' employment because of unrelated disagreements and began work for Jackson the following day.

On August 7, having learned that Cushing Properties' deal had fallen through, Rumph and Bryant approached Kirkpatrick again with an offer. Although its amount was the same as Rumph's earlier second offer, ($840,000) the parties worked out "from scratch" an entirely new deal for $825,000. The sale closed in 1987. It was then that Evans first learned about it, via a sales commission claim waiver sent to him prior to closing. Broker Jackson denied any knowledge about offers made before he employed Bryant. Rumph, Kirkpatrick and Bryant stated unequivocally that Kirkpatrick refused the second offer made in early July by Bryant on Rumph's behalf. Each related there was no deal, no continuation and no further negotiations until August 7.

Although the testimony of the principals was contradicted in part by circumstantial evidence and by some conflicting accounts of what transpired, these issues were for the jury, and it resolved them in favor of defendants. *Ailion v. Wade*, 190 Ga. App. 151, 155 (4) (378 SE2d 507) (1989). The evidence did not demand a contrary result.

(b) Despite the verdict for defendants, Evans unsuccessfully contends he was entitled to recover because defendants did not affirmatively seek by counterclaim or otherwise to recover the broker's commission. The jury by its verdict found that Evans was not entitled to the broker's commission, regardless of whether defendants set forth their rights in a positive fashion. Defendants' answer, however, did pray for the award of the sales commission and asserted their right to it.

2. (a) The trial court properly granted judgment to Cushing on its request for interpleader. "Interpleader provisions are remedial in nature and therefore should be liberally construed in order that their utilitarian purposes may be best effectuated." *Algernon Blair v. Trust Co. of Ga.*, 224 Ga. 118, 120 (160 SE2d 395) (1968). The holder of contested funds need not "decide at his peril either close questions of fact or of law to entitle him to have the parties at interest set up their claims for determination." *Stone v. Davis*, 242 Ga. 17, 20 (247 SE2d 756) (1978). Cushing Properties demonstrated that it was a disinterested stakeholder which only desired to be relieved of determining which claimant should be paid and to be shielded from vexatious liti-

gation. See *Kelly v. C & S Nat. Bank*, 160 Ga. App. 405, 406 (1) (287 SE2d 343) (1981).

(b) Evans complains that attorney fees cannot be granted upon motion for summary judgment. They were granted in response to the interpleader's prayer for such remedy. OCGA § 9-11-121 sets out the counterclaim for interpleader form containing a prayer for costs and attorney fees. The Code section regarding equitable interpleader provides that attorney fees incurred shall be taxed in the bill of costs. OCGA § 23-3-90 (b). Under either section attorney fees may be awarded.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 25, 1990.

*Simmons & Simmons, Robert L. Simmons*, for appellant.
*Ronald M. Lawrence, Brock & Clay, T. Tucker Hobgood*, for appellees.