## A09A0812. AMERICAN GENERAL LIFE & ACCIDENT INSURANCE COMPANY v. VANCE et al.

(678 SE2d 135)

BLACKBURN, Presiding Judge.

American General Life & Accident Insurance Company ("American General") filed an interpleader action against Alice Vance and Cornelius Vance, Jr., to resolve the formerly married defendants' competing claims of ownership in a life insurance policy. Following the denial of its motion for discharge, American General appeals, arguing that the trial court erred in finding that Cornelius Vance's counterclaim precluded the grant of its interpleader petition and motion for discharge under OCGA § 23-3-90 (a). For the reasons set forth below, we reverse.

"The interpretation of a statute is a question of law, which is reviewed de novo on appeal." (Punctuation omitted.) *Joe Ray Bonding Co. v. State of Ga.*[1] The undisputed evidence shows that in 1999, American General issued an insurance policy, insuring the life of Alice Vance for $50,000. At the time the policy was issued, Alice Vance was listed as the insured and owner, and Cornelius Vance, her husband, was listed as the premium payer and beneficiary. Over the next few years, Alice Vance took out several loans against the policy without her husband's knowledge. In September 2005, Alice and Cornelius Vance divorced. One month later, Alice Vance allegedly agreed to make Cornelius the owner of the policy. Accordingly, Cornelius Vance made all necessary premium payments and also allegedly made payments on the loans that Alice had taken out on the policy.

On April 26, 2006, American General received an Absolute Assignment form, which purported to assign ownership of the life insurance policy from Alice Vance to Cornelius Vance. However, one year later, Alice Vance informed American General that she was still the owner of the policy and that she believed that her signature on the assignment form had been forged. Shortly thereafter, Cornelius Vance wrote to American General, stating that if he was not the owner of the policy, he wished to be reimbursed for the premiums that he had paid during the time period in which he had assumed that he was the owner. Around the same time, American General received a letter from Alice Vance, in which she made a similar request.

Faced with these conflicting claims of ownership of the policy, on August 17, 2007, American General filed a petition for interpleader.

---

[1] *Joe Ray Bonding Co. v. State of Ga.*, 284 Ga. App. 687, 688 (644 SE2d 501) (2007).

YALE LAW LIBRARY

In that petition, American General requested that the trial court discharge it from the case and that it compel Alice and Cornelius Vance to interplead to resolve the ownership dispute. Cornelius Vance answered and counterclaimed, demanding that (if he were not the owner) American General reimburse him for the premium payments that he made for the policy. Alice Vance did not file any responsive pleadings. American General then filed a motion for the grant of its petition and discharge, to which Cornelius Vance responded. On October 6, 2008, the trial court denied American General's motion. Thereafter, the court issued a certificate of immediate review, and this interlocutory appeal followed.

American General contends that the trial court erred in denying its motion for discharge, arguing that Cornelius Vance's counterclaim for reimbursement of his premium payments did not make American General an interested stakeholder so as to preclude its interpleader action. We agree.

OCGA § 23-3-90 (a) provides: "Whenever a person is possessed of property or funds or owes a debt or duty, to which more than one person lays claim of such a character as to render it doubtful or dangerous for the holder to act, he may apply to equity to compel the claimants to interplead." "The holder of [the] contested [property] need not decide at his peril either close questions of fact or of law to entitle him to have the parties at interest set up their claims for determination." (Punctuation omitted.) *Evans v. Cushing Properties*.[2] Thus, an insurer "is entitled to a petition of interpleader if it is in a position in which it is liable to one of two or more persons, who claim from it the same debt or duty; and the company claims no right in opposition to the claimants and does not know to whom it ought, of right, to render the debt or duty." (Punctuation omitted.) *Southern Gen. Ins. Co. v. Crews*.[3] See *Phillips v. Kelly*.[4] Furthermore, "[i]nterpleader provisions are remedial in nature and therefore should be liberally construed in order that their utilitarian purposes may be best effectuated." *Algernon Blair, Inc. v. Trust Co. of Ga. Bank of DeKalb*.[5]

Here, American General, as the insurer, has demonstrated that it was a disinterested stakeholder, which only desired to be relieved from determining whether Alice Vance or Cornelius Vance was the

---

[2] *Evans v. Cushing Properties*, 197 Ga. App. 380, 381 (2) (a) (398 SE2d 306) (1990).

[3] *Southern Gen. Ins. Co. v. Crews*, 253 Ga. App. 765, 766 (560 SE2d 331) (2002).

[4] *Phillips v. Kelly*, 176 Ga. 111, 114 (2) (167 SE 281) (1932).

[5] *Algernon Blair, Inc. v. Trust Co. of Ga. Bank of DeKalb*, 224 Ga. 118, 120 (160 SE2d 395) (1968).

legal owner of the life insurance policy it issued and to be shielded from vexatious litigation. See *Evans*, supra, 197 Ga. App. at 381-382 (2) (a); *Kelly v. C & S Nat. Bank*.[6] Where the adverse claims to property have in fact been interpleaded, it is proper to dismiss the holder of the disputed property as a party to the action, assuming no further relief against the holder is being sought or is necessary. See *Cheek v. Savannah Valley Production &c. Assn.*;[7] *Thompson v. Bank of the South*.[8] Furthermore, Cornelius Vance's counterclaim against American General did not make the insurer an interested stakeholder. If it is determined that Cornelius is the owner of the policy, he will have no claim for reimbursement of premium payments, which were properly owed. If it is determined that he is not the owner of the policy, any potential claim for reimbursement should be directed toward Alice Vance as the owner of the policy and as the person on whose behalf those payments were made. See *Fleming v. C & S Nat. Bank*;[9] *Clay v. Littlefield*.[10] Cf. *McCalla, Raymer &c. v. C.I.T. Financial Svcs.*[11] Accordingly, the trial court erred in denying American General's motion for discharge.

*Judgment reversed. Adams and Doyle, JJ., concur.*

DECIDED MAY 4, 2009.

*Cozen & O'Conner, Kenan G. Loomis, Lynnette D. Espy*, for appellant.

*Pamela R. Greenway*, for appellees.

---

[6] *Kelly v. C & S Nat. Bank*, 160 Ga. App. 405, 406 (1) (287 SE2d 343) (1981).

[7] *Cheek v. Savannah Valley Production &c. Assn.*, 244 Ga. 768, 770 (5) (262 SE2d 90) (1979).

[8] *Thompson v. Bank of the South*, 172 Ga. App. 579, 582 (2) (323 SE2d 877) (1984).

[9] *Fleming v. C & S Nat. Bank*, 243 Ga. 144, 146-147 (1) (253 SE2d 76) (1979).

[10] *Clay v. Littlefield*, 144 Ga. App. 88, 91 (1) (240 SE2d 254) (1977).

[11] *McCalla, Raymer &c. v. C.I.T. Financial Svcs.*, 235 Ga. App. 95, 96-97 (508 SE2d 471) (1998).