## S16A1013. RELIANCE EQUITIES, LLC v. LANIER 5, LLC et al.
## S16A1014. WHITNEY v. LANIER 5, LLC et al.
(792 SE2d 680)

HUNSTEIN, Justice.

Appellant Frederick Whitney (hereinafter "Whitney") owned a piece of property located in Habersham County, Georgia ("the property"). Whitney became delinquent on his property taxes. As a result, Habersham County sold the property at a tax sale to Appellee Lanier 5, LLC (hereinafter "Lanier"), on August 6, 2013. Over a year later, on August 15, 2014, Lanier sent a notice of foreclosure of the right to redeem the property by certified and first class mail to Whitney at his residence in Forsyth County, giving Whitney until September 21, 2014, to exercise his right of redemption. While the certified mailing sent to Whitney went unclaimed, the first class mail notice was never returned as undeliverable.

Meanwhile, on August 29, 2014, a security deed was created[1] between Whitney and Appellant Reliance Equities, LLC (hereinafter

---

[1] The deed was recorded in Habersham County on September 19, 2014.

"Reliance"). Two days after the September 21 foreclosure date, Whitney's agent attempted to redeem the property. After confirming its certified and first class mailings were sent to the proper address, Lanier rejected the tender as untimely.

Shortly thereafter, Lanier published a Notice of Foreclosure of Right to Redeem in The Northeast Georgian, the newspaper in the county where the property is located, for four consecutive weeks in October 2014. The publication gave notice of foreclosure of the right to redeem by October 23, 2014 to "any and all parties or persons having any right or interest [in the property] *that have not been previously served with notice.*" Receiving no other tenders for redemption, Lanier filed a "Petition to Remove a Cloud on Title — Conventional Quia Timet" in the Superior Court of Habersham County, requesting the court remove the cloud of title in Lanier's favor. Whitney filed a counterclaim requesting the trial court quiet title in his favor and also filed a motion for judgment on the pleadings, arguing that he did not receive sufficient notice of Lanier's foreclosure of his right of redemption. The trial court denied Whitney's motion on June 9, 2015, finding as follows:

> After considering the motion and brief in opposition, this Court finds that [Lanier], by mailing the notice certified mail, and by mailing an additional copy by regular mail, and by speaking to [Whitney] on the telephone to verify the address, has satisfied the due process requirements of statutory and common law concerning the right of redemption of property.

On October 1, 2015, Lanier filed a motion for judgment on the pleadings based upon the trial court's June 9 order and requested the court quiet title in its favor. The next day, Reliance contacted Lanier and attempted to tender its redemption, which was rejected by Lanier as untimely. Shortly thereafter, Reliance filed a motion to intervene in the underlying lawsuit, and Whitney filed a "Motion to Reconsider the Prior Denial of Whitney's Motion for Judgment on the Pleadings or Motion for Summary Judgment."

On November 19, 2015, the trial court entered an order granting Lanier's motion for judgment on the pleadings based upon its findings in the June 9 order. The trial court also entered a "Decree Quieting Title to Land Conventional Quia Timet" finding that Lanier had properly foreclosed on any rights to redeem the property pursuant to Georgia law. That same day, the trial court denied Reliance's motion to intervene, Whitney's motion for reconsideration and Whitney's motion for summary judgment, finding all motions to be moot.

On appeal, Reliance argues that the trial court erred in denying its motion to intervene; Whitney argues that the trial court erred in denying his motion for judgment on the pleadings and quieting title in favor of Lanier. We agree with Whitney and reverse the trial court in Case No. S16A1014. Because our decision effectively ends the underlying litigation between Whitney and Lanier, Reliance's appeal in Case No. S16A1013 is rendered moot and dismissed.

## Case No. S16A1014

1. Appellant Whitney alleges that the trial court erred by denying his motion for judgment on the pleadings, granting Lanier's motion for judgment on the pleadings, and quieting title in Lanier's favor. Specifically, the parties dispute whether Whitney was entitled to receive both notice through the mail pursuant to OCGA § 48-4-45 (a) (2), as well as notice via publication pursuant to OCGA § 48-4-45 (a) (3) *prior* to the foreclosure of Whitney's right to redeem the property. We conclude, based upon the plain language of the statute, that Lanier could not foreclose Whitney's right to redeem until all three paragraphs of OCGA § 48-4-45 (a) were satisfied.

"On appeal, we review de novo the trial court's decision on a motion for judgment on the pleadings, and we construe the complaint in a light most favorable to the appellant, drawing all reasonable inferences in his favor." (Citations and punctuation omitted.) *Haldi v. Piedmont Nephrology Assoc., P.C.*, 283 Ga. App. 321, 322 (641 SE2d 298) (2007). Applying this standard, we find that the trial court erroneously denied Whitney's motion and further erred in granting relief in favor of Lanier.

This Court has repeatedly addressed the constitutional due process requirements a tax deed purchaser must meet in order to properly notify a property owner that their right to redeem is being foreclosed. See, e.g., *Saffo v. Foxworthy, Inc.*, 286 Ga. 284 (687 SE2d 463) (2009); *Hamilton v. Renewed Hope, Inc.*, 277 Ga. 465 (589 SE2d 81) (2003) (holding that, before resorting to notice via publication, the tax sale purchaser is required to ascertain the address of the delinquent taxpayer and provide notice via personal service, overnight delivery, or registered/certified mailing); *Funderburke v. Kellet*, 257 Ga. 822 (1) (364 SE2d 845) (1988) (holding that where an interested party resides outside the county where the property is located, merely publishing a notice of foreclosure of the right to redeem does not satisfy due process) (citing *Mennonite Bd. of Missions v. Adams*, 462 U. S. 791, 800 (II) (103 SCt 2706, 77 LE2d 180) (1983)).

While it appears that the notice given to Whitney met constitutional requirements, Georgia's statutory law may require more than

does constitutional law. See *Harper v. Va. Dept. of Taxation*, 509 U. S. 86, 102 (III) (113 SCt 2510, 125 LE2d 74) (1993) ("[s]tate law may provide relief beyond the demands of federal due process" (citation omitted)). As a result, it is necessary to go beyond the constitutional analysis and examine the requirements of OCGA § 48-4-45 to determine when an interested party's right to redeem has been properly foreclosed.

> Under our well-established rules of statutory construction, we presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would. In our interpretation of statutes, we thus look to the text of the provision in question, and its context within the larger legal framework, to discern the intent of the legislature in enacting it.

*Scott v. State*, 299 Ga. 568, 571 (2) (788 SE2d 468) (2016) (citations and punctuation omitted). Notably, when construing OCGA § 48-4-45,

> the enforcement and collection of taxes through the sale of the taxpayer's property has been regarded as a harsh procedure, and, therefore, the policy has been to favor the rights of the property owner in the interpretation of such laws. Since the policy has been to favor the property owner[,] provisions permitting the owner to redeem his property are liberally construed to accomplish their objectives.

*Wallace v. President Street, L.P.*, 263 Ga. 239, 240 (1) (430 SE2d 1) (1993) (citation and punctuation omitted). Looking at the barment statute, subsection (a) of OCGA § 48-4-45 provides as follows:

> (a) After 12 months from the date of a tax sale, the purchaser at the sale or his heirs, successors, or assigns may terminate, foreclose, divest, and forever bar the right to redeem the property from the sale by causing a notice or notices of the foreclosure, as provided for in this article:
>> (1) To be served upon all of the following persons who reside in the county in which the property is located:

(A) The defendant in the execution under or by virtue of which the sale was held;

(B) The occupant, if any, of the property; and

(C) All persons having of record in the county in which the land is located any right, title, or interest in, or lien upon the property;

(2) To be sent by registered or certified mail or statutory overnight delivery to each of the persons specified in subparagraphs (A), (B), and (C) of paragraph (1) of this subsection who resides outside the county in which the property is located, if the address of that person is reasonably ascertainable; *and*

(3) To be published, if that tax sale occurs on or after July 1, 1989, in the newspaper in which the sheriff's advertisements for the county are published in each county in which that property is located, which publication shall occur once a week for four consecutive weeks in the six-month period immediately prior to the week of the redemption deadline date specified in the notice.

(Emphasis supplied.) Id. Under the plain language of subsection (a), the right to redeem is foreclosed and forever barred only upon compliance with paragraphs (a) (1), (a) (2), *and* (a) (3). Because those three paragraphs are set forth in the conjunctive, compliance with each paragraph is required.

In this case, Whitney did not reside "in the county in which the property is located," and so, paragraph (a) (1) required nothing with respect to Whitney. OCGA § 48-4-45 (a) (1). Instead, he resided "outside the county in which the property is located," and his address was ascertainable, so service under paragraph (a) (2) was required. OCGA § 48-4-45 (a) (2). Publication is necessary in *every* foreclosure of the right to redeem, and so, it was necessary under paragraph (a) (3) before Whitney's right of redemption could be foreclosed and forever barred. See *Saffo*, 286 Ga. at 286 ("For tax sales on or after July 1, 1989, the notice of foreclosure must also be published.").

The plain terms of OCGA § 48-4-45 (a) provide unambiguously that the right to redeem is foreclosed only after there is compliance with paragraphs (a) (1), (a) (2), *and* (a) (3). Because Whitney attempted

to redeem the property before Lanier complied with paragraph (a) (3), his right to redeem was not yet foreclosed, and Lanier improperly rejected Whitney's September 2014 tender of the redemption price as untimely. Therefore, because the trial court should have granted judgment on the pleadings to Whitney, we reverse its judgment denying Whitney's motion and further reverse its judgment in favor of Lanier.

2. Whitney also complains of the denial of his motion for reconsideration and/or motion for summary judgment and accompanying request for oral argument. Because we have reversed the trial court's denial of Whitney's motion for judgment on the pleadings, there is no need to reach these issues.

### Case No. S16A1013

3. In its sole enumeration of error, Reliance argues that the trial court erred in denying its motion to intervene as a matter of right pursuant to OCGA § 9-11-24 (a) (2). However, based upon this Court's ruling, there is no longer any basis for Reliance to intervene. Accordingly, Reliance's appeal of the trial court's denial of its motion to intervene is dismissed as moot.

*Judgment dismissed as moot in Case No. S16A1013. Judgment reversed in Case No. S16A1014. All the Justices concur.*

DECIDED OCTOBER 31, 2016.

*Diment Porterfield, Christopher M. Porterfield; Busch, Slipakoff & Schuh, Samantha L. Murray*, for appellant (case no. S16A1013). *Adam C. Caskey*, for appellant (case no. S16A1014). *Kerry S. Doolittle*, for appellees. *Sam G. Dickson; Ayoub & Mansour, John A. B. Ayoub, Carolina D. Bryant; Weissman Nowack Curry & Wilco, Bradley A. Hutchins, Allison C. Jett; The McDeer Firm, John E. Ramsey III, Alice S. McQuade; Shuping, Morse & Ross, S. Andrew Shuping, Jr.*, amici curiae.