301 Ga. 671
FINAL COPY

S17A0803.  MANCUSO v. TDGA, LLC et al.

HUNSTEIN, Justice.

This appeal stems from a trial court order quieting title in favor of TDGA, LLC (hereinafter "TDGA").  Appellant Peter Mancuso argues, inter alia, that he did not receive proper notice from TDGA regarding the foreclosure of his right of redemption.  For the reasons that follow, we affirm the ruling of the trial court.

On May 6, 2014, the Fulton County Sheriff sold a property[1] located at 154 Stafford Street S.W., Atlanta, Fulton County, Georgia (hereinafter "subject property") to TDGA at a tax sale.  More than twelve months after the date of the tax sale, TDGA acted to foreclose the right of redemption of interested parties, including Mancuso who was the executor of Marcia Brisco's estate.

In preparing the barment notices for the subject property, TDGA found two different addresses for Mancuso, one by a Lexis Nexis search, and one via Mancuso's petition to probate will in solemn form filed in Fulton County; both

---

[1] The owners of the property prior to the tax sale were "Marc V Briscoe Estate and Marcia Briscoe and all heirs known and unknown."

addresses were residences located in Conyers, Rockdale County, Georgia. TDGA sent a copy of its notice foreclosing Mancuso's right to redeem via certified return receipt mail pursuant to OCGA § 48-4-45 (a) (2) to both addresses, but these mailings were "Return[ed] to Sender Attempted — Not Known Unable to Forward." TDGA also published notices in the Fulton County Daily Report on May 20 and 27, and June 3 and 10, 2015, for all persons, including Mancuso, who had an interest in the subject property. All of the barment notices listed the last day to tender the redemption amount as July 1, 2015, or 45 days after legal service of the notice, whichever date came later.

On June 30, 2015, Mancuso sent a letter to counsel for TDGA admitting he had seen one of the published notices in the Fulton County Daily Report and requested that he be contacted to discuss the subject property. Sometime during these subsequent discussions, Mancuso informed TDGA that he did not receive the barment notices that had been sent via certified mail while acknowledging that he saw the notice of foreclosure in the newspaper prior to July 1, 2015.

TDGA subsequently filed a quiet title action regarding the subject property and, shortly thereafter, TDGA re-sent the barment notice to Mancuso via certified mail to a third address — a post office box; Mancuso received this

notice on August 5, 2015, and signed for it on August 12, 2015. Mancuso answered TDGA's complaint, denied its material allegations, made a counterclaim alleging lack of proper notice, and demanded a jury trial on all questions of fact.

The trial court appointed a special master and, during a hearing before the special master, Mancuso testified that, after the tax sale of the property, and after the redemption period had expired, he installed a tenant in the property and had collected $1,200 in rent. Mancuso also testified that the address listed on the petition to probate will in solemn form was, in fact, a "good" address at the time TDGA sent the first two notices. In its report to the trial court, the special master found that sufficient notice was provided to all interested parties, and recommended that quiet title be granted in favor of TDGA, and that $1,200 be awarded to TDGA for the rent Mancuso had illegally collected. The trial court later adopted the special master's report as its final order. Mancuso appealed to the Court of Appeals; the case was subsequently transferred to this Court and submitted on the briefs.

1.     First, Mancuso challenges the finding that he received proper notice of the foreclosure of his right to redeem. Specifically, Mancuso argues that

because he did not receive the mailed notices prior to the July 1 foreclosure date, TDGA could not foreclose on his right to redeem. We find no error.

This Court has addressed the constitutional due process requirements associated with notification that must be met in order to properly foreclose an interested party's right to redeem a property. See Reliance Equities, LLC v. Lanier 5, LLC, 299 Ga. 891 (792 SE2d 680) (2016); Saffo v. Foxworthy, Inc., 286 Ga. 284 (687 SE2d 463) (2009); Hamilton v. Renewed Hope, Inc., 277 Ga. 465 (589 SE2d 81) (2003). Most recently, in Reliance, we concluded that a tax sale purchaser must comply with the notice requirements listed in OCGA § 48-4-45 (a) before it can foreclose upon an interested party's right to redeem. 299 Ga. at 895-896.

Here, TDGA clearly met that burden as it applied to Mancuso. The record shows that, after conducting a reasonable search, TDGA sent notices to Mancuso's known addresses via certified mail as required by OCGA § 48-4-45 (a) (2), as he resided outside the county in which the property was located. It further published the required notices in a newspaper in the county where the property was located, see id. at (a) (3), which Mancuso admitted to seeing prior to the barment date.

4

We further reject Mancuso's argument that he was precluded from redeeming the property because the barment date had passed prior to his receipt of the mailed notice. First, the notices allowed an interested party to redeem the subject property by July 1, 2015 *or* 45 days after legal service of the notice, whichever was later. Putting aside the fact that Mancuso had actual notice prior to the July 1, 2015 barment date, he still had 45 days to exercise his right of redemption after receiving the notice TDGA re-sent in August 2015; however, he chose not to do so. [2] Consequently, because TDGA complied with the required notice procedure, the trial court did not err in quieting title in TDGA's favor.

2. Mancuso also complains that the trial court erred in denying his timely request for a jury trial. It is well established that "[w]hen one seeks conventional quia timet, he is not entitled to trial by jury." (Citation omitted.) Vatacs Group, Inc. v. U. S. Bank, N.A., 292 Ga. 483 (738 SE2d 83) (2013). However, "[w]hen one seeks quia timet against all the world . . . he is entitled by the provisions of OCGA § 23-3-66 to a jury trial," id. at 483-484, "if the

[2] Significantly, unlike the property owner in *Reliance*, Mancuso has never tendered, or attempted to tender, the redemption amount.

evidence presented a question of fact," Gurley v. E. Atlanta Land Co., 276 Ga. 749, 750 (583 SE2d 866) (2003). Assuming, without deciding, that this was an action to quiet title against all the world, Mancuso's claim fails as he does not explain, let alone establish, that a question of fact existed for a jury's determination. See Paul v. Keene, 272 Ga. 357, 358 (529 SE2d 135) (2000) ("If there were no genuine issues of material fact to be resolved, it was not error for the special master to apply the law to the facts of the case." (citation and punctuation omitted)). Consequently, this claim is without merit.

3. As discussed above, the special master recommended that the trial court award $1,200 in damages to TDGA for rents illegally collected by Mancuso, and the trial court adopted this recommendation in its order. On appeal, Mancuso contends that the trial court erred in awarding these damages because TDGA was not the fee simple owner of the property at the time Mancuso was collecting rent and because TDGA had not requested or prayed for these damages in its petition to quiet title. We disagree.

First, TDGA was the fee simple owner of the property at the time Mancuso was collecting rent. Our case law is clear that, once the time period for the right to redeem a property expires, and all interested parties have elected

not to redeem, the tax deed purchaser's interest in the land changes from a defeasible fee simple to an indefeasible fee simple interest in the property. Nat. Tax Funding, L.P. v. Harpagon Co., 277 Ga. 41 (1), (2) (586 SE2d 235) (2003). Here, at the time Mancuso was renting the property (December 2015-January 2016) the redemption period had expired, and neither he nor any other interested party had attempted to redeem the property. Accordingly, at all relevant times regarding the damages issue, TDGA was the indefeasible fee simple owner of the subject property.

Furthermore, in an action seeking to remove clouds on title to a property where the plaintiff is entitled to recover the land at issue, the plaintiff also has the right to recover rent for the period of time that possession of the land was wrongfully withheld by the defendant. Marshall v. Pierce, 136 Ga. 543 (71 SE 893) (1911). See also Small v. Irving, 291 Ga. 316 (729 SE2d 323) (2012). While "[i]t is the general rule of pleading and practice in this State . . . that relief cannot be granted for matter not alleged or prayed for, and that a verdict and judgment which award relief beyond such pleadings and prayer are illegal and subject to be set aside," Barbee v. Barbee, 201 Ga. 763, 767 (41 SE2d 126) (1947), where there is a prayer for general relief in an equitable action, such

7

relief may be granted where "'the nature of the case is such that under the prayer for general relief[ ] some character of relief may be granted which is consistent with the case made by the petition and with the specific prayers therein.'" (Citation omitted.) Hall v. Higgison, 222 Ga. 373, 377 (149 SE2d 808) (1966). Here, the damages award is consistent with the petition to quiet title and its general prayer for "such other and further relief as is just and equitable." Accordingly, the trial court's award of the illegally collected rent is sound.

4.    Finally, Mancuso alleges that the trial court erred in adopting the special master's report without, he contends, evaluating the report for correctness.  Because there is nothing in the record to support Mancuso's allegation, it is meritless.

Judgment affirmed.  All the Justices concur, except Peterson, J., not participating.

8

Decided June 30, 2017 – Reconsideration denied August 14, 2017.

Title to land. Fulton Superior Court. Before Judge Glanville.

Peter B. Mancuso, <u>pro se.</u>

<u>Ayoub & Mansour, John A. B. Ayoub, Carolina D. Bryant</u>, for appellees.