**FIRST DIVISION
BARNES, P. J.,
GOBEIL and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**May 10, 2021**

# In the Court of Appeals of Georgia

A21A0629. MANCUSO v. JACKSON.

MARKLE, Judge.

Pro se appellant Peter B. Mancuso, as executor of the estate of Marcia V. Briscoe, appeals from the trial court's order disbursing excess tax sale funds in this interpleader action, pursuant to OCGA § 48-4-5 (b), contending that the trial court erred by violating his right to a jury trial. For the reasons that follow, we affirm.

"The interpretation of a statute is a question of law, which is reviewed de novo on appeal." (Citation omitted.) *American Gen. Life & Acc. Ins. Co. v. Vance*, 297 Ga. App. 677 (678 SE2d 135) (2009).

On May 6, 2014, Fulton County sheriff Theodore Jackson conducted a non-judicial tax sale of the property located at 154 Stafford Street Southwest in Atlanta

for unpaid taxes.[1] More than five years later, the sheriff filed this interpleader action to determine entitlement to the excess funds from the sale, in the amount of $7,720.05, and thereafter deposited the funds into the court's registry at the trial court's direction. The sheriff named the estates of Marc V. Briscoe and Marcia V. Briscoe; RMCD Investors, LLC; Investa Services of Georgia, LLC; Investa Services, LLC; and the Fulton County Tax Commissioner as respondents with a potential interest in the funds. Only Mancuso, in his capacity as the executor of the estate of Marcia Briscoe, and Investa Services, LLC asserted claims to the excess funds. Mancuso also brought counterclaims against the sheriff for abusive litigation and breach of legal duty, and demanded a jury trial.

The sheriff moved for judgment on the pleadings, to be discharged from the proceedings, and for an award of $3,876 for attorney fees and costs related to bringing the interpleader. Mancuso responded to the motion, and again demanded a jury trial. The trial court granted the sheriff's motion, specifically finding that the sheriff was relieved of any further liability with regard to the proceeds from the tax

---

[1] In *Mancuso v. TDGA, LLC*, 301 Ga. 671 (802 SE2d 248) (2017), the Georgia Supreme Court affirmed the trial court's order quieting title to the property in favor of the purchaser at the tax sale.

sale. However, Mancuso objected to the order, again asserting his right to a jury trial.

Following a hearing, the trial court issued a final order, in which it affirmed its prior ruling on the sheriff's motion for judgment on the pleadings. Specifically, the trial court found that the sheriff was authorized to bring this interpleader, pursuant to OCGA § 48-4-5 (b). Additionally, the trial court awarded $1,698.68 to the Investa entities to compensate for payment of the 2013 ad valorem taxes and sanitation fees, with the remainder going to the estate of Marcia Briscoe. This appeal followed.

In his sole enumeration of error, Mancuso contends that the trial court erred by holding a bench trial to determine entitlement to the excess funds despite his several demands for a jury trial. We conclude that this argument is belied by the plain language of the applicable statute.

To begin, OCGA § 9-11-38 provides that "[t]he right of trial by jury as declared by the Constitution of the state or as given by a statute of the state shall be preserved to the parties inviolate." However, it is well-settled that there is no constitutional right to a jury trial in equity cases in Georgia. *Williams v. Overstreet*, 230 Ga. 112, 115 (III) (195 SE2d 906) (1973)*; Ellis v. Stanford*, 256 Ga. App. 294, 297 (4) (568 SE2d 157) (2002). Despite Mancuso's assertions to the contrary, the

3

present action sounds in equity. See OCGA §§ 23-3-90 (a); 48-4-5 (a); see also *DLT List, LLC v. M7VEN Supportive Housing & Dev. Group*, 301 Ga. 131, 132 (800 SE2d 362) (2017) (noting that the tax commissioner filed an "equitable interpleader" to determine entitlement to excess funds following a tax sale). Therefore, in the absence of a constitutional right, Mancuso has a right to a jury trial only if such right is bestowed by statute. *Williams*, 230 Ga. at 115 (III); OCGA § 9- 11-38.

Generally, "there is no statutory right to trial by jury in equity cases." *Cawthon v. Douglas County*, 248 Ga. 760, 763 (1) (286 SE2d 30) (1982). Turning to the statute at issue here, OCGA § 48-4-5 (b) provides, in pertinent part:

> The . . . sheriff, or other officer may file, when deemed necessary, an interpleader action in superior court for the payment of the amount of such excess funds. Such excess funds *shall be distributed by the superior court* to the intended parties, including the owner, as their interests appear and in the order of priority in which their interests exist.

(Emphasis supplied.)

Applying the rules of statutory construction, we first consider the terms of the statute, "giving words their plain and ordinary meaning, and where the plain language of a statute is clear and susceptible of only one reasonable construction, we must

construe the statute according to its terms." (Citation omitted.) *Fulton-DeKalb Hosp. Auth. v. Hickson*, 351 Ga. App. 221, 223 (830 SE2d 582) (2019).

Under the plain language of the statute at issue here, it is for *the trial court* to apportion the excess funds according to the priority of the claimants' interests. OCGA § 48-4-5 (b). Thus, by its own terms, OCGA § 48-4-5 confers no right to a jury trial in an interpleader action resulting from a tax sale.

In support of his contention that he was entitled to a jury trial, Mancuso relies on *Stamps v. JFB Properties, LLC*, 287 Ga. 124 (694 SE2d 649) (2010). In that case involving an interpleader action filed by an insurer, one of the parties claiming a right to the proceeds from the life insurance policy brought a fraud claim against the others based on the existence of a confidential relationship. Id. at 124-126. The case was submitted to a jury to determine the fraud claim. Id. at 125. However, *Stamps* is distinguishable from the case at hand because it did not implicate OCGA § 48-4-5 (b), and there is no factual question for a jury to resolve here. Compare *Tankersley v. Barker*, 286 Ga. App. 788, 790 (1) (651 SE2d 435) (2007) (involving a cause of action for fraud and noting "[t]he existence of a confidential relationship is a question for the jury."). In its final order, the trial court noted that Mancuso proffered no

evidence to counter Investa's claim to the funds.[2] To the extent that Mancuso challenged the authority of the sheriff to bring the interpleader, that issue was a question of statutory interpretation for the trial court. *Vance*, 297 Ga. App. at 677; OCGA § 48-4-5 (b) (authorizing the filing of an interpleader in these circumstances). Thus, there was nothing for a jury to decide.[3]

Because Mancuso was not entitled to a jury trial, the trial court did not err by holding a bench trial to resolve this matter. We therefore affirm the judgment of the trial court.

*Judgment affirmed. Barnes, P. J., and Gobeil, J., concur.*

---

[2] It appears that the final hearing was not recorded. Mancuso bore the burden of preparing the transcript, and in its absence, "we must presume that the trial court's findings were proper and supported by competent evidence." *Mosley v. Loan Servicing Enterprise*, 241 Ga. App. 182 (525 SE2d 381) (1999).

[3] In his reply brief, Mancuso contends that his counterclaims are still pending, and he is therefore entitled to a jury trial. However, "this Court will not consider arguments raised for the first time in a reply brief." *Moore v. Lovein Funeral Home, Inc.*, 358 Ga. App. 10, ___, n. 5 (852 SE2d 876, 879, n. 5) (2020). Even so, this argument is belied by the record. The trial court granted the sheriff's motion for judgment on the pleadings, precluding any liability for the counterclaims. The trial court then reaffirmed this ruling in its final order, in which it both mentioned the counterclaims and found that the sheriff was statutorily authorized to bring the present action; thus, precluding Mancuso's claims for abusive litigation and breach of legal duty. See *Mosley*, 241 Ga. App. at 182 (finding that the trial court considered counterclaims asserted in a bench trial based on its final order).